## FLOWERS, ADMINISTRATOR, v. POORMAN.

[No. 6,407. Filed April 21, 1909.]

1. CONTRACTS.—*For Conveyance of Lands.—Oral.—Breach.—Damages.—Statute of Frauds.*—The breach of an oral contract for the conveyance of lands gives no right of action for damages. p. 531.

2. CONTRACTS.—*Oral.—Sale of Lands.—Breach.—Quantum Meruit.—Damages.*—An action on the *quantum meruit* for services rendered, lies for the breach of an oral contract for the conveyance of lands, but the damages recoverable consist only of the reason-

Flowers *v.* Poorman—43 Ind. App. 528.

able value of the services rendered, and not the value of the property. p. 531.

3. PLEADING.—*Complaint.—Paragraphs.—Theory.*—Each paragraph of a complaint must proceed upon a definite theory, which must be determined from the general scope of the pleading. p. 531.

4. PLEADING.—*Theory.—Appeal.*—The theory of a pleading adopted by the trial court will be adhered to on appeal, where the pleading is susceptible of such construction. p. 531.

5. PLEADING.—*Theory.*—A pleading will be construed, if possible, to give effect to all material allegations, and to give full relief for all injuries stated. p. 532.

6. PLEADING.—*Complaint.—Oral Contract to Convey Lands.—Quantum Meruit.—Decedents' Estates.*—A complaint showing that decedent orally agreed to give to the plaintiff his farm if she and her husband would care for him during life, and alleging that plaintiff performed her part of the agreement, and demanding a certain sum as reasonable compensation for the services rendered, is good, the same being an action on the *quantum meruit,* and not for a breach of contract. p. 532.

7. EVIDENCE.—*Depositions.—Attorneys' Agreements as to Time of Taking.—Waiver.—Motions to Suppress.*—Where appellant's attorney agreed out of court with appellee's attorney that if a deposition to be taken by appellant could not be taken on October 18, the day fixed in the notice, they would take it on October 19, and appellee's attorney, relying thereon, appeared and took such deposition on October 19, appellant's attorney not appearing, such deposition should not be suppressed on appellant's motion, appellant having waived such right by such conduct. p. 533.

8. ATTORNEY AND CLIENT.—*Agreement of Attorneys in Conduct of Cases.*—Agreements made by attorneys, in and out of court, in the conduct of their cases should be faithfully kept. p. 535.

9. DEPOSITIONS.—*Signatures.—How Shown, on Appeal.*—The Appellate Court cannot determine the validity of the signature to a deposition, alleged to have been signed by a stamp, where there is nothing in the record showing how it was subscribed. p. 536.

10. TRIAL.—*Instructions.—Work and Labor.—Family Relation.*—Where a complaint alleged a contract by decedent, to give to the plaintiff his farm in consideration of care and support, and that plaintiff had performed her part, an instruction that she would be entitled to recover the value of her services on proof of such allegations, is not erroneous, whether they lived as a family or otherwise. p. 536.

11. APPEAL.—*Penalty.*—The Appellate Court may, in a proper case, add a penalty on the affirmance of a judgment. p. 536.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Julia A. Poorman against Albert Flowers, as administrator of the estate of George Flowers, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John V. Sees, Frederick H. Bowers* and *Milo Feightner,* for appellant.

*John S. Branyan* and *Lesh & Lesh,* for appellee.

HADLEY, J.—This was an action brought by appellee against appellant by filing a claim against the estate of George Flowers, appellant's decedent. The claim was in two paragraphs; the first being merely a verified statement of account for $1,800 for work and labor for caring for decedent. The second was more in the nature of a formal complaint, in which it is averred: That decedent entered into a contract with appellee verbally, by which it was agreed between them that if appellee would move with her family into the home of the decedent and take care of him and provide for him until the time of his death, said decedent would give to appellee, for such services and provision, the property which he then had, in addition to any personal property or real estate to the value of at least $1,500; that at the request of said decedent and upon the strength of the promise so made by him, the appellee did, on June 2, 1904, move into the home of said decedent, and from said day until the time of his death she cared for him and provided for him, and did such things as were required to provide him a good home and proper attention during his declining days, which services were of the value of $1,500; that, contrary to his promise, decedent failed to convey said property to the appellee during his lifetime, by deed or by will, and she therefore has received no compensation from the decedent or any one for the same, whereby appellee has been damaged in the sum of $1,500, that being the value of the property which she was to receive under said contract and also the value of said services, wherefore she prays

judgment in said sum. Appellant filed a demurrer for want of facts to the second paragraph, which was overruled. Trial by jury, and verdict rendered in favor of appellee for $925.

It is urged against the second paragraph that it proceeds upon the theory of enforcing a parol contract to convey lands in consideration of services rendered, which, under the statute of frauds, is unenforceable. That such a contract is unenforceable and cannot afford a foundation upon which to base damages for breach thereof is well established. *Wallace* v. *Long* (1886), 105 Ind. 522, 55 Am. Rep. 222; *Nelson* v. *Masterton* (1891), 2 Ind. App. 524; *Schoonover* v. *Vachon* (1889), 121 Ind. 3.

It is equally well settled that recovery may be had on a *quantum meruit* upon such a contract for the value of the services rendered, and, in such a case, the value of the services and not the value of the property agreed upon is the measure of damages. *Wallace* v. *Long, supra;* *Knight* v. *Knight* (1893), 6 Ind. App. 268; *Puterbaugh* v. *Puterbaugh* (1893), 7 Ind. App. 280.

It is undoubtedly a general rule that each paragraph of a complaint must proceed upon some single definite theory, which must be determined from the general scope and character of the pleading. *Pittsburgh, etc., R. Co.* v. *Sullivan* (1895), 141 Ind. 83, 27 L. R. A. 840, 50 Am. St. 313; *Dull* v. *Cleveland, etc., R. Co.* (1899), 21 Ind. App. 571; *Chicago, etc., R. Co.* v. *Bills* (1885), 104 Ind. 13.

It is also well settled that the construction placed on a pleading by the trial court will be adhered to on appeal, where such pleading, from its plain terms, is susceptible of such construction. *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574; *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333; *Callaway* v. *Mellett* (1896), 15 Ind. App. 366, 57 Am. St. 238; *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174.

"The complaint will, if possible, be given such construction as to give full force and effect to all of its material

allegations, and such as will afford the pleader full relief for all injuries stated in his pleading." *Monnett* v. *Turpie* (1892), 133 Ind. 424.

The paragraph of complaint under consideration contains all of the essential averments to entitle appellee to recover on a *quantum meruit*, and there is nothing in the paragraph to indicate that the pleader sought to recover otherwise, unless the specific averments of the contract and its nature and its fulfillment should be so considered. How such averment should be considered is laid down in *Puterbaugh* v. *Puterbaugh, supra*, where the court, in considering a complaint substantially the same as the one now before us, uses this language: "On investigation, we have reached the conclusion that the first paragraph is not a complaint to recover on the alleged special contract therein mentioned, but, in the language of counsel for appellee, 'it is a complaint to recover on the *quantum meruit*,' the value of the services rendered. Had the appellee instituted an action upon the contract set out in the first paragraph for specific performance, he must necessarily have failed in the action, because such a contract cannot be enforced. The gist of the first paragraph of the complaint is to recover the value of the services alleged to have been rendered by appellee, before he arrived at the age of twenty-one years, for said decedent. The action is based on the rendition and value of the services and the agreement implied by law, under the circumstances stated, to pay therefor. The gravamen of the action being to recover for the value of the services rendered, the averments in this paragraph of the complaint, relative to the promises and circumstances under which the services were rendered, are only material for the purpose of rebutting the presumption that such services were voluntarily rendered as a member of the family, without expectation of compensation."

It is perfectly clear from the record that the court at

the trial proceeded upon the theory that this paragraph of the complaint counted upon the *quantum meruit,* and no evidence was introduced, or instruction given, or ruling made that recognized any other theory. The demurrer was properly overruled.

It is next urged that the court erred in overruling appellant's motion to suppress the depositions of William and Charles Clark, for the reason that the notice given

7. stated that the depositions would be taken on October 18, and the notary public's certificate shows that said depositions were taken on October 19. It was shown on the hearing of the motion that the depositions of said parties were to be taken at Shawnee, Oklahoma; that the notice fixing the time and place for the taking of said depositions was given on October 9; that thereafter, it having been ascertained that an excursion train would pass through Huntington, where attorneys for appellant and appellee resided, on the night of October 16, and by leaving on this excursion parties could save some expense, but it was somewhat doubtful whether by so leaving they would arrive in Shawnee in time to take the depositions on the date fixed— October 18—said counsel for appellant and appellee met and agreed that they would leave said city of Huntington on said excursion, and if they were unable to reach Shawnee in time to take said depositions on the date fixed, the same might be taken on the following day—October 19; that at that time one of the attorneys for appellant expected to attend the taking of said depositions; that thereafter it became doubtful whether he would be able so to attend said taking, and he informed counsel for appellee of this fact, and it was then agreed between the parties that if said attorney for appellant was unable to attend the taking of said depositions he would procure the services of a firm of attorneys in the city of Shawnee to represent him, and the name of this firm was given to attorneys for appellee; and said attorney

for appellee who was to take the depositions then and there agreed that upon his arrival at Shawnee he would call upon said firm before the taking of said depositions; that said attorney for appellant agreed to write to said firm in Shawnee and notify them of this agreement; that said attorney for appellant was unable to attend the taking of said depositions, and said attorney for appellee left on the train agreed upon, but was unable to reach Shawnee until October 19; that, before commencing to take the depositions, he called upon the firm designated by said attorney for appellant, but such firm had received no communication from appellant or his attorney, and for that reason refused to appear and take any part in said proceedings; that attorney for appellant did write said firm, but at too late a date for said firm to receive said communication prior to the taking of said depositions; that the attorney for appellant never gave to the attorney for appellee any other notice as to his inability to attend said hearing, or in any way intimated to him that the agreement theretofore made as to the time for the taking of the depositions would not be adhered to, or that it should be rescinded, or in any way objected to the taking of the depositions at the time they were so taken, until long after and at the date of the trial, when the motion to suppress was filed.

Counsel for appellant, one of whom was the attorney that entered into the aforesaid agreement, admit the facts to be as before stated, and said attorney did not to the court below, nor does he here, offer any excuse or defense to this clear attempt to violate a fair agreement that was made in good faith and acted upon in good faith by said attorney for appellee, but comes before this court and asks it to reverse a cause upon the technical objection that the notary public's certificate as to the time the depositions were taken, is at variance with the time designated in the notice. It is not claimed by the appellant that his attorneys had no author-

ity to make such an agreement. The only reply his attorneys offer is that the evidence showing the facts before detailed is not in the record. His contention on this point cannot be sustained. No objection to the introduction of this testimony was made in the trial court. It is properly before us, and the court below, upon hearing it, correctly ruled that the objection of appellant to the introduction of the deposition would not be sustained. To have held otherwise would have sanctioned a breach of good faith and professional ethics that deserved, instead, a severe rebuke.

In the active practice of law, attorneys are necessarily obliged to make many agreements, some of which may be made in open court and spread of record and thus be-

8. come readily enforceable. Others of necessity are made out of court, are informal, and binding only upon the conscience. These latter are based upon the confidence each attorney has in the integrity of the other, and courts should never be called upon to enforce them where there is no dispute as to their existence or their terms. And, be it said to the credit of the profession, such questions are rarely presented; but, when they are, if it is possible to do so, this court will see to it that, within the scope of its authority, every honest agreement between attorneys, relating to proceedings in court, is faithfully performed, and every such engagement and stipulation is fairly and honestly carried out. The agreement amounted to a waiver of the time fixed in the notice. It appears that the deposition was taken at the time thus fixed, and that appellant was not deceived or harmed thereby. And it also affirmatively appears that appellant's absence from the taking of the deposition was not occasioned by this change of time, and that no substantial prejudice was done appellant by the deviation complained of. The deposition was properly admitted. §463 Burns 1908, §447 R. S. 1881.

It was also urged, as ground for the suppression of the

deposition of William Clark, that he had subscribed the same by an impression from a rubber stamp. Whether this is a sufficient subscription we do not decide, since the record does not show that the deposition was so subscribed. The lower court, in passing upon the motion, had the original signature before it. It is presumed the lower court decided correctly. Whether it held that the deposition was subscribed by a pen held in the hand or by an impression of a rubber stamp is not shown. In this state of the record we will not review the decision of the lower court.

Objection is made to the giving of the fifth instruction, on the ground that it purported to cover all the material facts which, if found for appellee, would authorize the jury to return a verdict for her, but withheld from them the consideration of the question whether appellee and decedent lived together as a common family. The instruction informed the jury that if it found that the material averments of the complaint, specifically enumerating them, had been proved, it would be its duty to find for the plaintiff. The complaint averred that appellee undertook the care and support of decedent under an express promise of decedent to pay for the same. If this was found to be true, whether appellee and decedent lived together as a common family would be immaterial.

On the whole, the instructions were as fair to appellant as he had any right to ask. They fully covered the law of the case and were correct, as abstract propositions, and there was no error in giving each of them.

The evidence is clear and explicit. There is little contradiction. The agreement of decedent to give appellee the property, worth about $1,500, for his care and support for his remaining years, was as clearly proved as is ordinarily possible in cases like this. That appellee carefully, honestly and tenderly performed her part is not denied. Decedent was eighty-seven years old, and

that the amount awarded appellee was fair to appellant, and much less than appellee was led to expect, is abundantly proved. The judgment should have been paid without this appeal.

Judgment affirmed, with ten per cent penalty.