E. F. COTTER, Appellant, v. W. S. GILMAN et al., Appellees.

**SPECIFIC PERFORMANCE: Dismissal When Defendant is Nonowner.**
1  A plaintiff who brings action for specific performance without reasonable grounds for believing that defendant owned the property, may not complain if the court, when nonownership is made to appear, dismisses the action and relegates plaintiff to an ordinary action for damages.

**JURY: Denial of Jury by Form of Action.** Plaintiff may not legally
2  compel defendant to forego his right to trial by jury by the simple expedient of bringing his action in equity for specific performance, *without any reasonable grounds for believing that defendant owned the property,* and then insisting, after defendant's nonownership is made to appear, that the court retain jurisdiction for the assessment of damages.

*Appeal from Pottawattamie District Court.*—EARL PETERS, Judge.

DECEMBER 21, 1920.

REHEARING DENIED JUNE 25, 1921.

SUIT to enforce specific performance of an alleged contract for the sale of land. On hearing, the petition was dismissed, and the plaintiff appeals.—*Affirmed.*

*Robertson & Robertson,* for appellant.

*Tinley, Mitchell, Pryor, Ross & Mitchell,* for appellees.

LADD, J.—Conceding, without deciding, that letters and telegrams interchanged between the parties constituted a contract whereby defendant undertook to convey an 80 acres of land in Pottawattamie County to plaintiff, and subsequently refused so to do, it does not follow that this suit can be maintained. The evidence that defendant does not and never did own the land, and was without authority to sell the same, is undisputed.

1. SPECIFIC PERFORMANCE: dismissal when defendant is nonowner.

He was unable to perform, then; and, if any relief were to be granted, it must have been by way of assessment of damages consequent on his inability and refusal to convey. This relief was denied by the trial court, on the ground that plaintiff, before bringing the suit, knew, or, as an ordinarily prudent person, ought to have known, that defendant was not owner of the land.

A person may not, through the subterfuge of suing for specific performance, when he knows, or should know, that the defendant is unable to perform, eliminate a jury and have his claim for damages heard in equity by the court, especially when this would effect a change to a county other than that of defendant's residence,—it appearing that defendant was a resident of Woodbury County. *Dow v. McVey,* 174 Iowa 553. Though plaintiff testified to understanding that defendant owned the land, he does not pretend that anyone so informed him. One McAvoy told him that Gilman had something to do about the land,—had it for sale. In none of the correspondence was anything said to indicate that Gilman was owner. On the contrary, some of the correspondence indicated that Gilman was acting in the capacity of agent. On learning that Gilman had the land for sale, Cotter wrote him for price and commission, in response to which Gilman, on September 18, 1918, fixed the price of $150 per acre, adding:

2. JURY: denial of jury by form of action.

"We will pay you a commission of $5.00 an acre if you make the sale; but the papers themselves would have to show the net amount of $145 an acre."

Cotter, who had dealt in lands for more than 20 years, would infer from this that Gilman was owner! Exactly the contrary. In another letter, bearing date September 30, 1918, in response to a suggestion by Cotter that he had heard that the land was priced at $125 an acre, Gilman replied that this price was made some time ago; but that, "if the deal could be made a cash one, net to me, I could still swing it at that price." The suggestion that he "could still swing" the deal plainly intimates that the land belonged to another. No suggestion of ownership appears in the final negotiations, save that the price was made by Gilman "net to us." Added to all this is the fact that the records of the county recorder and the auditor showed

that the land was never in the name of Gilman and was in the name of one Goddard, and that for this reason Goddard was made party to the suit. According to Gilman, it now belongs to P. Goddard Oselin, Goddard having departed this life some time prior to the trial. Regardless, however, of who may be the true owner, this record leaves no doubt that plaintiff was without information warranting him, as an ordinarily prudent man, in believing Gilman to be the owner of the land. The court did not err in dismissing the petition and relegating the parties, if so advised, to an action at law for damages.—*Affirmed.*

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.