## CANNON v. UNRUH.

No. 10354—Opinion Filed Nov. 22, 1921.

(Syllabus.)

### 1. Specific Performance—Oral Contract for Sale of Land.

The principle upon which a decree is granted for the specific performance of an oral contract for the sale of real estate is where the party seeking performance, with the knowledge and consent of the promisor, has made payments or has done acts in reliance upon the promise which change the relation of the parties so as to render a restoration of their former condition impracticable, and, where it would amount to a fraud upon the part of the promisor to set up the statute of frauds as a defense and thus to receive benefits of the acts done by the party relying upon the promise.

### 2. Frauds, Statute of—Oral Contract for Sale of Land—Validity—Possession.

The possession necessary to take an oral contract for the sale of real estate out of the statute of frauds, must be clearly shown by the evidence to refer to and to result from, and to have been taken and entered into by virtue of, the contract.

### 3. Same—Right to Specific Performance.

Record examined, and held: The finding of the trial court that plaintiff was not entitled to specific performance, in accordance with the principle above announced, is not clearly against the weight of the evidence.

Error from District Court, Major County; James B. Cullison, Judge.

Action by R. L. Cannon against T. B. Unruh to enforce oral contract for sale of land. Judgment for defendant, and plaintiff brings error. Affirmed.

Jno. V. Roberts, for plaintiff in error.

Simons & McKnight, for defendant in error.

McNEILL, J. This action was commenced in the district court of Major county by R. L. Cannon to enforce specific performance of an oral contract for the purchase of certain land from defendant, Unruh, who was owner of a certificate of purchase from the state of Oklahoma. The petition alleged the making of the oral contract, and that the plaintiff had paid $20 on the purchase price and there was still due $1,180, which he had tendered to defendant, and defendant refused the same, and that the plaintiff had taken possession of the land by virtue of his contract and had made valuable improvements thereon.

Defendant filed his answer, which was a general denial; admitting, however, that he was the owner of the land under the certificate of purchase issued by the Commissioners of the Land Office and admitting that he had entered into an oral agreement for the sale of said lands, but that plaintiff had refused to carry out the terms thereof; denied the plaintiff had paid him $20 or any other amount. The defendant pleaded said contract was oral and in violation of the statute of frauds and void.

The trial court made a general finding in favor of the defendant and against the plaintiff. The brief of the plaintiff in error contains no assignment of error, but the only question argued is that under the evidence the judgment should have been for the plaintiff. The finding of the trial court was a general finding in favor of the defendant, and said finding is a finding of every material fact necessary to support the judgment.

This being an equity case, the judgment of the trial court will not be disturbed unless clearly against the weight of the evidence. King v. Gant, 77 Okla. 105. 186 Pac. 960.

In order to enforce specific performance of an oral contract for the sale of real estate, this court has announced the facts to be established, in order to take the case out of the statute of frauds, in the case of Johnston v. Baldock, 83 Okla. 285, 201 Pac. 654; wherein the court stated as follows:

"The principle upon which a decree is granted for the specific performance of an oral contract for the sale of real estate is where the party seeking performance, with the knowledge and consent of the promisor, has made payments or has done acts in reliance upon the promise which change the relation of the parties so as to render a restoration of their former condition impracticable, and where it would amount to a fraud upon the part of the promisor to set up the statute of frauds as a defense and thus to receive benefits of the acts done by the party relying upon the promise.

"The part payment of the purchase money is not alone such part performance of an agreement to sell real estate as will authorize a court to enforce its specific performance. But part payment and taking possession in good faith, or taking possession with the knowledge of the vendor and making valuable and lasting improvements, constitute such part performance as will ordinarily warrant a court in decreeing specific performance of the contract.

"The possession necessary to take an oral contract for the sale of real estate out of the statute of frauds, must be clearly shown by the evidence to refer to and result from, and to have been taken and entered into by virtue of the contract."

It will be necessary for us to examine the record to see if the plaintiff brings himself within the rule announced above. In doing so the first question necessary for consideration is whether the plaintiff has paid to the defendant any part of the purchase price. The evidence upon this question is conflicting. The plaintiff testified he and the defendant went to the bank and the defendant instructed the cashier to make arrangements to get the proper blanks from the School Land Department for the purpose of transferring his interest in the land to the plaintiff; that plaintiff asked the defendant if he wanted a payment on the purchase price, and defendant stated that it would be more like business, and the plaintiff then paid the defendant $20 and the defendant delivered the money to the cashier, who attached the same to the certificate of purchase of the defendant. Plaintiff's father was present, and corroborated this testimony, except that he did not know whether the plaintiff paid the money to the defendant or handed it to the cashier. The defendant denies this testimony, and states the plaintiff asked him if he desired a payment on the contract, and that he informed the plaintiff that he did not want any partial payments; that the plaintiff offered him $20 and he refused to accept it, and the plaintiff handed the same to the cashier. The cashier substantiated the testimony of the defendant, and stated that the plaintiff handed him the $20, or placed it on the counter of the bank, he picked it up and pinned it to the defendant's certificate of purchase from the School Land Department. Another witness testified that defendant had advised him that the plaintiff had paid $20. This $20 was later sent to the plaintiff by the cashier of the bank by registered letter and plaintiff refused to accept the same. It is conceded that the money was held by the cashier of the bank together with defendant's certificate of purchase, which certificate had not been assigned by the defendant to the plaintiff. The trial court, who saw the witnesses, and heard them testify, evidently found no payment had been made, and we cannot say such a finding is clearly against the weight of the evidence.

As to the terms of the oral contract, defendant contends that he had agreed to accept the sum of $2,250 for the land if the plaintiff would pay the full amount due within a week or ten days. Plaintiff, however, contends that he was to have from 30 days to six weeks to make the payments. The evidence upon this question is likewise conflicting and supported by about the same number of witnesses and circumstances.

The next question for consideration is whether the plaintiff took possession of the premises with the knowledge and consent of the defendant, and whether he placed lasting and valuable improvements thereon. The plaintiff himself contended that the only possession he took of the premises, it being pasture land, no buildings thereon, and nothing but a fence, was that on the 14th day of January he turned three horses in the pasture, and the improvements consisted of putting about 40 new posts, which were black-jack posts that were cut off the land, stretching wire, fixing the gate and stapling the wire to the posts and fixing one of the tanks, using a couple of sacks of cement and a load of sand. The defendant, however, contends the only improvement was the fixing of a gate and a few small black-jack stakes that had been placed in the fence between some of the posts, and that some cement had been placed in one of the tanks. The plaintiff contends that at the time of entering into the contract he told the defendant that he desired to take possession at once and have the place fixed up, and the defendant advised him that was all right. The defendant, however, denies any such conversation, denies that the plaintiff ever had possession with his knowledge or consent, and insists that what small improvements were made were not lasting improvements or valuable and were made without his knowledge and consent.

This court, in the case of Johnston v. Baldock, supra, quoted with approval from the case of Ryan v. Lofton (Tex. Civ. App.) 190 S. W. 752, as follows:

"Where, to enforce oral contract to convey, reliance is had upon claimant's possession and improvement of the premises, the value of the improvements must be shown to be such proportion of the value of the property and made in such reliance upon the contract as to give the claimant equitable rights."

The judgment of the trial court amounts to a finding that the evidence on behalf of the plaintiff was insufficient to bring the case within the rule above announced, and the evidence being conflicting, and the improvements not being of a permanent and lasting character, we are unable to say that the finding of the trial court is clearly against the weight of the evidence.

For the reasons stated, the judgment is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.