## PANCOAST, Adm'r, et al. v. ELDRIDGE.

No. 18113. Opinion Filed Nov. 13, 1928.

Rehearing Denied Jan. 8, 1929.

H. A. Johnson and Randall S. Cobb, Asst. Atty. Gen., for plaintiffs in error.

Cress & Tebbe, for defendant in error.

HEFNER, J. Ben G. Eldridge, defendant in error, as plaintiff below, brought this suit against A. Pancoast, administrator of the estate of George W. Brown, deceased. The state of Oklahoma filed a petition of intervention on relation of the Attorney General claiming the deceased left no heirs and the property should escheat to the state.

Plaintiff alleged that during the year 1903 George W. Brown and the plaintiff entered into an oral contract whereby the plaintiff agreed to perform services for George W. Brown in the capacity of laborer, farm hand, nurse, and cook and look after the household and take care of the said Brown in his sickness at such times as requested by the said Brown during the remaining years of his life, and the said Brown agreed to compensate the plaintiff for all services performed by willing all of his property, real, personal, and mixed, wherever situated, to him. It was further alleged that George W. Brown died during the year 1924 without complying with the contract to bequeath the property to the plaintiff. Plaintiff prayed for specific performance of the contract, or if that could not be had, then the fair market value of the property of George W. Brown, deceased, in the sum of $10,000 or in such other sum as the court might determine just and equitable, and for such other and further relief as the court in equity and good conscience might award. The trial court awarded all of the property to the plaintiff.

Before a court of equity will specifically enforce an oral contract to devise property, the proof of the contract must be so cogent, clear, and forcible as to leave no reasonable doubt as to its terms and character. The rule as to the weight to be given evidence in such cases is well stated in 36 Cyc. 692, wherein it is said:

"The rules as to the weight of evidence are applied with the utmost strictness to

.oral contracts to devise the whole or part of an estate. Such contracts are viewed with suspicion by the courts, and must be established by the clearest and most convincing evidence. In these, as in other contracts, one party to which is deceased, the defendant heirs or devisees are under the disadvantage that they are deprived by his death of their most important testimony. In such contracts the proof, in addition to inferences from the situation, circumstances, and relations of the parties, must generally consist of evidence of verbal declarations made by the deceased to third persons. This is a kind of evidence which the law recognizes as weak and unsatisfactory, and to be scrutinized with care."

Again, in the case of Asbury v. Hicklin, 181 Mo. 658, 81 S. W. 390, this language appears:

"A court of equity in this state will specifically enforce an oral contract to make a will in a particular manner, where a valuable consideration has been received for the promise, and a fraud would be perpetrated upon the promisee or beneficiary unless the contract be performed. But the proof of such a contract must be so cogent, clear, and forcible as to leave no reasonable doubt in the mind of the chancellor as to its terms and character."

Mr. Story, in his Equity Jurisprudence, section 1016A, says:

"The enforcement of contracts of the character here involved is an exception which courts of equity have ingrafted upon the statute of frauds. The exception is one that is sparingly exercised, and rightfully so. The very conscience of the court must be touched by the facts of the particular case before the exception to the statute will be called into play."

The plaintiff has not brought himself within the rules announced in the foregoing authorities, and is therefore not entitled to specific performance of his contract.

The facts in this case are very similar to the facts in the case of Poole, Executor, v. Janovy, 131 Okla. 219, 268 Pac. 291, and bring it within the rule announced therein. In that case this court said:

"Where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, a recovery may be had against his estate for the reasonable value of the services. The right to recover is not affected by the fact that the contract is void under the statute of frauds."

While the facts in the case at bar do not entitle the plaintiff to specific performance of the contract, they do entitle him to recover for the reasonable value of the services performed for and on behalf of the decedent.

The judgment of the trial court is reversed, with directions to take such further proceedings as may be just and equitable and not inconsistent with the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.