## PASLEY v. DE WEESE et al.

No. 28150. Sept. 27, 1938.

[redacted]

John F. Pendleton, for plaintiff in error.

D. H. Wilson and Perry Porter, for defendants in error.

WELCH, J. This action was commenced in the district court of Ottawa county by defendants in error, hereinafter referred to as plaintiffs, against Minnie E. Pasley, individually, and as executrix of the last will of C. C. Pender, deceased, hereafter referred to as defendant. The action is predicated upon an alleged oral contract or promise on the part of the testator, whereby he agreed with plaintiffs to devise by will to the plaintiff Anna DeWeese an interest in certain real property located in Ottawa county, and plaintiffs seek to enforce specific performance of said contract, or to establish a trust in said land as against the defendant, Minnie E. Pasley, or to recover the value thereof, and in the alternative to recover upon a disallowed claim against the decedent's estate for the services rendered under the alleged contract.

Trial to the court resulted in a judgment for plaintiffs for the sum of $400 upon a quantum meruit basis, decreeing the same a lien upon the interest of Pender in the land and ordering sale thereof to satisfy the judgment. The defendant appeals and plaintiffs cross-appeal.

The petition alleged, and evidence was introduced to show, that in the year 1932 the plaintiffs and Pender, at the latter's solicitation, entered into an oral contract whereby it was agreed that if plaintiffs would move to Pender's home on the land here involved and would thereafter provide for the board, room, and general welfare of the said Pender throughout the remainder of his life, Pender would, in consideration for such services, convey to the plaintiff Anna DeWeese his interest in said premises. It was further shown that plaintiffs rendered such service for a period of approximately three and one-half years, at the end of which the said Pender left his home to reside in Nowata county, where he died six or seven months after his removal; that during that time plaintiffs remained willing and ready to support and care for him.

Pender, contrary to the aforesaid agreement, willed his interest in the land to the defendant, Minnie E. Pasley, and the will was probated in Nowata county, with the said Minnie E. Pasley acting as executrix. In that proceeding plaintiffs filed a claim in the sum of $767.25 for the services aforesaid, which claim was disallowed by the executrix and the county court. The present action was commenced in Ottawa county within two months after such disallowance.

Defendant contends that the plaintiffs, having elected to pursue their remedy by claim against the estate of decedent, were, after its disallowance by the county court of Nowata county, restricted to suit in a proper court in that county by reason of

section 1239, O. S. 1931, 58 Okla. St. Ann. sec. 339, and that the district court of Ottawa county was without jurisdiction of the subject matter. It is also charged that the court was without jurisdiction of the person of defendant either as an individual or as executrix, since she was a resident of Nowata county, and was serving as executrix under the order of the county court of that county.

Contrary to defendant's contention, the filing of claim with the executor did not bar plaintiffs from pursuing other remedies than suit upon the claim. The filing thereof was nothing more than a statutory step in the process of recovering upon a contract, and, after disallowance, was merely an unadjudicated claim upon which no suit was pending, leaving claimants free to pursue any available remedy for the satisfaction of their rights under the contract.

This was an action to compel the specific performance of a contract to convey real estate or for alternative relief, and was brought in the county where the land lies. Under the terms of the statute the court was invested with jurisdiction of both the subject matter and the person. Sections 109. 110, O S. 1931, 12 Okla. St. Ann. secs. 131, 132; Strain v. Statler, 112 Okla. 233, 240 P. 614. And it is a fundamental rule that in an equitable proceeding, where the court has acquired jurisdiction, it may give complete relief. McKay v. Kelly, 130 Okla. 62, 264 P. 814; Depuy v. Selby, 76 Okla. 307, 185 P. 107.

Defendants say the court erred in allowing plaintiffs to testify concerning their oral contract with the deceased. Section 271, O. S. 1931, 12 Okla. St. Ann. sec. 384.

It is shown that other witnesses testified concerning the terms and performance of the contract. If the plaintiffs were not competent as witnesses, which question we do not decide, defendants have failed to point out wherein the court considered and relied upon their testimony in arriving at the findings contained in the judgment. There appears to have been other competent evidence to sustain the findings. In such case the rule stated in Thompson v. Coker, 112 Okla. 268, 241 P. 486, applies, and is as follows:

"In cases tried to the court, where complaint is made that incompetent evidence was admitted, unless it is shown and clearly pointed out wherein such incompetent evidence was clearly considered and used by the court in arriving at its judgment, no reversible error is presented, unless it can be said, upon the whole case, that there was not competent evidence in the record reasonably tending to support the judgment based thereon."

The court's failure to decree specific performance of the contract is assigned as error by the plaintiffs in their cross-petition in error, and it is also contended that the amount fixed by the court for services rendered on a quantum meruit basis is against the clear weight of the evidence.

In the case of Robinson v. Haynes, 147 Okla. 95, 294 P. 803, is found this expression:

"Whether equity will decree the specific performance of a contract rests in judicial discretion and always depends upon the facts of the particular case."

The principle upon which a decree is granted for the specific performance of an oral contract for the sale of real estate is sometimes held applicable to an oral contract to devise real estate, although there is a sharp difference in the degree of proof required to establish them, and some other differences with which we are not here concerned.

Adjudicated cases demonstrate that an oral agreement to devise land will justify a decree for specific performance only in an exceptional or in an extreme case, where the proof is of the most positive and convincing character, and where the promisee cannot be fairly saved harmless by compensation in money, and where in fact a fraud would be perpetrated on the promisee or beneficiary if specific performance is not decreed. See discussion in Robinson v. Haynes, supra, where specific performance was decreed, but note the division of the court and the dissenting opinion. See, also, the discussion in Pancoast v. Eldridge, 134 Okla. 247, 273 P. 255, and Poole v. Janovy, 131 Okla. 219, 268 P. 291, where claimants were compensated in money.

In Cannon v. Unruh, 84 Okla. 36, 202 P. 182, in the first paragraph of the syllabus, this court said:

"The principle upon which a decree is granted for the specific performance of an oral contract for the sale of real estate is where the party seeking performance, with the knowledge and consent of the promisor, has made payments or has done acts in reliance upon the promise which change the relation of the parties so as to render a restoration of their former condition impracticable, and, where it would amount to a fraud upon the part of the promisor to set up the statute of frauds as a de-

fense and thus to receive benefits of the acts done by the party relying upon the promise."

Here it is shown that the plaintiffs furnished such support and rendered such service as they had agreed to do up to the time the promisor voluntarily removed from the home, and thereafter plaintiffs were ready and willing to complete their contract.

Although plaintiffs removed to the home of the promisor on the land involved, such removal was but an incident to the performance of the services and was not a taking into possession as their own under the contract.

Concerning the enforcement of contracts of the character here involved, in 25 R. C. L. on page 308, it is said:

"* * * The weight of authority holds that if the support to be furnished, or the services to be rendered, are of such a character as to be capable of an approximately accurate estimate, and their value liquidated in money, so that the promisee may be made substantially whole, specific performance will not be decreed."

Here it was clearly shown that the services rendered were of such a character as to be capable of an approximately accurate estimate in terms of money. The plaintiffs in their testimony made an estimate of the value of the services to the fraction of a dollar. The acts done by the plaintiffs in performance of the contract were not of such a character as to render a restoration impracticable. The record discloses that the realty involved has a much greater value than the value of the services rendered. Under the facts in this case, it clearly appears that the plaintiffs may be made whole by compensation in money. The evidence here does not present a case where an affirmative fraud would be perpetrated upon plaintiff if specific performance be not decreed.

In discussing an oral contract to devise property, this court in the case of Pancoast, Adm'r, v. Eldridge, supra, quoted with approval from Story's Equity Jurisprudence, sec. 1016A, as follows:

"The enforcement of contracts of the character here involved is an exception which courts of equity have ingrafted upon the statute of frauds. The exception is one that is sparingly exercised, and rightfully so. The very conscience of the court must be touched by the facts of the particular case before the exception to the statute will be called into play."

Under the facts in this case, the trial court properly refused specific performance and entered a proper judgment under the rule announced in Pancoast v. Eldridge, supra, as stated in the second paragraph of the syllabus thereof, as follows:

"Where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, and the facts are such that specific performance cannot be had, a recovery may be had against the estate of the promisor for the reasonable value of the services."

We have examined the record and find that the judgment for $400 for the reasonable value of the services is supported by the evidence.

While the trial court here found that valuable services had been rendered under the oral contract, the trial court did not decree specific performance. Therefrom it is evident that the trial court concluded that the evidence, measured by the applicable rules above noticed, did not present a case in which specific performance could or should be decreed. Such a conclusion is well supported by the record. We say here, as the court said in Pancoast v. Eldridge, supra:

"While the facts in the case at bar do not entitle the plaintiff to specific performance of the contract, they do entitle him (or her) to recover for the reasonable value of the services performed for and on behalf of the decedent."

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, and HURST, JJ., concur. PHELPS and GIBSON, JJ., dissent. DAVISON, J., absent.