REYNOLDS, Adm'r, v. CONNER.

· No. 29558.   Dec. 23, 1941.

Rehearing Denied March 24, 1942.

*123 P. 2d 664.*

———.

Walter L. Gray and Billups, Billups & Billups, all of Oklahoma City, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, of Oklahoma City, for defendant in error.

GIBSON, J.   This is an action against the heirs of an intestate and the administrator of his estate to enforce specific performance of an alleged oral contract whereby the deceased had agreed to leave at his death certain real estate to plaintiff in consideration of personal services to be performed by plaintiff for and on behalf of decedent, or, in the alternative, to recover judgment on creditor's claim theretofore filed for the reasonable value of such services. Judgment for $10,000 was rendered for plaintiff in accord with a general verdict and answers of the jury to special interrogatories. The administrator has appealed.

Defendant administrator takes the position that, since the trial court failed to decree specific performance, and rendered instead a judgment on quantum meruit for the value of the services rendered, the burden was on plaintiff to establish the value thereof according to the accepted rules for measuring value in such case, and insists that the plaintiff failed not only in this respect but

failed wholly to establish the agreement in the first instance. It is further asserted that the action is one of purely equitable cognizance, and that the judgment is against the clear weight of the evidence, and contrary to law.

We agree that the action is one of purely equitable cognizance. The principal cause is to enforce specific performance of a contract to convey real property and not for the recovery of money or specific real property. A judgment in the alternative to establish a creditor's claim is sought only in event the cause for specific performance should fail. In 35 C. J. 173, sec. 47, it is said that:

"Such suits belong exclusively to the jurisdiction of chancery and are still triable by the court without a jury under the codes of procedure. The mere fact that plaintiff asks in the alternative to recover the value of the property in case defendant has put it out of his power to make a good conveyance does not change the character of the action."

We find in the text, above, the following statement:

"Where, however, specific performance cannot be decreed, the court cannot proceed to adjudicate upon the question of damages resulting from the breach of contract, which is a strictly legal claim and triable by jury."

But this statement simply means that a party who knows, or should know, that his contract cannot be performed may not sue for specific performance thereof as a subterfuge for procuring a trial in equity on his alternative claim for damages. Cotter v. Gilman, 191 Iowa, 795, 180 N. W. 275. There are authorities to the contrary. But the rule in this state is that where the court has acquired jurisdiction of an equitable proceeding it will give complete relief. McKay v. Kelly, 130 Okla. 62, 264 P. 814; Pasley v. DeWeese, 183 Okla. 424, 82 P. 2d 1066. In the McKay Case the rule is stated as follows:

"Where a court of equity has obtained jurisdiction of a controversy for any purpose, it will retain jurisdiction for the purpose of administering complete relief, and it may to this end determine purely legal rights which otherwise would be beyond its authority."

The action here is purely equitable (Dobler v. Smith, 147 Okla. 20, 294 P. 1089), and is to be governed by the same general rules which control the administration of other equitable remedies. McCubbins v. Simpson, 186 Okla. 417, 98 P. 2d 49. The rule is that where the substantial ground or paramount purpose of an action is equitable relief, the parties are not entitled to a jury trial, though other issues for recovery of money may be involved. Smith v. Stock Yards Loan Co., 186 Okla. 152, 96 P. 2d 55. See, also, Brush v. Boyer, 104 Kan. 168, 178 P. 445.

Therefore we must review the instant case as one of equitable cognizance in an effort to determine whether the judgment of the trial court is supported by the evidence and not against the clear weight thereof. White v. Morrow, 187 Okla. 72, 100 P. 2d 872. Though there was a general verdict, the function thereof was advisory only. Id. We may say here that the case of Pancoast v. Eldridge, 157 Okla. 195, 11 P. 2d 918, is not contrary to our conclusion above. There the cause was originally for specific performance or recovery of the fair market value of the property. Specific performance was decreed, and on appeal (134 Okla. 247, 273 P. 255) the cause was reversed and remanded, with directions to proceed in a manner suitable to permit plaintiff to submit his cause for reasonable value of his services. On the second appeal, above, the court held, among other things, that the second trial was for the recovery of money only, entitling the parties to a jury trial as a matter of right.

The action of the trial court in denying specific performance is not questioned on this appeal. Our only duty therefore is to determine whether the money judgment for the value of the services is properly supported by the evidence.

The trial court, with the assistance of the jury, found that the contract had been entered into as alleged and that the

plaintiff had performed her portion of the same. This finding was based upon the testimony of third parties. The court believed the statements of these witnesses, and its finding in this respect was not against the clear weight of the evidence.

There was the further express finding that the services so performed were of such a character as to permit full, adequate, and complete satisfaction thereof in money.

These findings bring this case within the rule announced in Pancoast v. Eldridge, and Pasley v. DeWeese, above, as follows:

"Where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, and the facts are such that specific performance cannot be had, a recovery may be had against the estate of the promisor for the reasonable value of the services."

The two last-cited cases contain extended discussions relating to the history of cases, and the law announced therein, involving the enforcement of contracts to devise realty in exchange for services and labor, and the recovery of money in lieu of specific performance. We therefore refrain as much as may be practicable from a discussion of those matters. Our function here, as stated above, is merely to determine whether the money judgment is properly supported by the evidence.

So far as our review of this case is concerned, we must consider the judgment as one on quantum meruit for services rendered in full performance of an unenforceable contract.

It appears from the record that the trial court in fixing the amount of recovery was influenced considerably by the value of the real property involved in the contract. Considering the amount of the judgment and the character and duration of the alleged services, it is evident that the court's conclusion was based almost entirely on the value of

said property as it stood on the date of the promisor's death. In fact, the court permitted the jury to consider that value in assessing the amount of recovery and then adopted the jury's findings on the subject.

Defendant insists that the value of the property in such case is not to be considered in fixing the value of services, and that the court erred in so doing.

This contention is confirmed by our decision in Pasley v. DeWeese, above. Here the contract was within the statute of frauds. According to the trial court the performance of the contract by plaintiff was not sufficient to remove it from the operation of the statute; plaintiff had not so altered her position as to make restoration impossible or impracticable, an element usually termed necessary to specific performance in such case. In such circumstances the only recovery possible is the reasonable value of the services. Pasley Case, above. There remains only an implied promise to pay, since the contract itself is unenforceable, and the recovery is on quantum meruit. In measuring the value of the services the value of the property agreed to be conveyed is not to be considered, except in particular instances. 25 R.C.L. 307; Flowers v. Poorman, 43 Ind. App. 528, 87 N. E. 1107; Hinton v. Hinton (Ky.) 40 S. W. 2d 296. In some instances, where the services to be performed by the plaintiff are certain and fixed, and are not dependent on contingencies or the duration thereof, the reasonable value of the property to be conveyed may be considered as an admission on the part of the promisor of the value of the services when performed. Williston on Contracts, par. 536; Grantham v. Grantham, 205 N. C. 363, 171 S. E. 331. The distinction is clearly drawn in the case of Quirk v. Bank of Commerce, 244 Fed. 682, 157 C.C.A. 130, as follows:

"Although the evidence as to the oral agreement is admissible to prove that the plaintiff's services were not given gratuitously, without expectation of reward, the promised reward affords no

real measure of the plaintiff's quasi-contractual recovery either in Tennessee or Wisconsin. Goodloe v. Goodloe, 116 Tenn. 252, 92 S. W. 767, 6 L.R.A. (N. S.) 703. In re Sheldon's Estate, 120 Wis. 26, 97 N. W. 524. The plaintiff's right must be measured by the reasonable value of the consideration given by her to him. If the services to be rendered had been definitely fixed in amount when the contract was made, the testimony as to the value of the bulk of the estate would be admissible to show the value that the parties placed on the services that were to be given; but where, as here, the extent of the services to be rendered is entirely uncertain and dependent upon the length of the promisor's life, such evidence is of no probative force in ascertaining their reasonable value."

The services to be performed by plaintiff under the contract in the instant case were unquestionably so uncertain as to duration and extent as to render the value thereof incapable of reasonable approximation at the time the promise was made. The property to be conveyed could not, under such circumstances, form the basis of an admission on the part of the promisor of the ultimate value of the services to be performed. There are cases in other jurisdictions that would seem to permit the contract price to be considered as some evidence of the value of the services. We cannot adopt that view in this case because of the uncertainties involved as above stated. The contract price can be no indication of the value of the services to be performed unless there is some understanding of the duration and extent thereof when the promise is made. Plaintiff cites Elwood Oil & Gas Co. v. McCoy, 72 Okla. 97, 179 P. 2, as authority to the contrary. There the plaintiff contracted to drill a well at a designated price per foot, and was prevented by defendant from completing the service. It was held that in the absence of a showing that the contract price was an unfair means of establishing the value of the work performed, such price could be used as a basis for determining such value. The case is not in point. At the time of entering into the contract the parties were clearly capable of estimating the approximate value of services necessary in the drilling of each foot of the well.

Plaintiff cites Anglo-Texas Oil Co. v. Manatt, 125 Okla. 92, 256 P. 740, wherein plaintiff sued on quantum meruit for the value of professional services performed. The trial court received evidence of the agreed contract price of the services to show defendant's opinion regarding the reasonable value of the services to be performed. During the course of the trial, however, this evidence was stricken and the jury instructed not to consider the same. Judgment was for plaintiff, and the defendant on appeal charged that the evidence, though withdrawn, was prejudicial. This court strongly intimated that the evidence was admissible for the purpose aforesaid, but held that if the same had been improper, there was no indication that the jury was misled thereby. The case is not in point.

There is a generally recognized rule that in actions properly brought on quantum meruit despite the existence of an express contract, the latter may be admitted, not as conclusive evidence of the value of the services, but as a circumstance indicating such value. 71 C. J. 138, sec. 115. But, as stated above, this rule can apply only in those cases where the services to be performed were capable of approximate valuation at the time the contract was entered into.

In some jurisdictions, such as North Carolina and Kentucky, the value of property agreed to be devised in consideration of services and labor is received in evidence as affording some estimate of what the parties contemplated the services to be worth, but in the two states named an oral contract to devise real estate is under no circumstances removed from the operation of the statute of frauds, and the plaintiff's only remedy is quantum meruit. See 58 C. J. 987, n. 28. That circumstance, of course, is of little importance as a distinction, but it shows that cases of this character are treated in those

states in a manner widely dissimilar to that accorded them in this and other jurisdictions.

Plaintiff says that the services rendered by her to the deceased were of such an unusual, extraordinary, and intimate nature that the promisor alone was capable of placing a value thereon, and that the value of the land involved represented his estimate thereof, and should constitute the main basis for determining her compensation. Waters v. Cline, 85 S. W. (Ky.) 209.

But the trial court has settled that question here. It was determined that plaintiff's services were of such nature as to be reasonably compensated in money instead of specific performance. Plaintiff has not appealed from the judgment. This particular circumstance is an element to be considered only in determining the question of specific performance. In Kentucky, as we have said above, the plaintiff in such case cannot in any event have specific performance of an oral contract of this character. The court there has adopted the rule of permitting recovery on quantum meruit for the value of the services to be measured on the basis of the previously agreed compensation. This rule is obviously open to severe criticism. In fact, the Kentucky court in a recent decision has held that evidence as to the value of property agreed to be conveyed or devised is incompetent in an action to recover the value of services, unless the services rendered are of such a nature that their value cannot be measured by ordinary pecuniary standards. Hinton v. Hinton, supra.

The burden was on plaintiff in this case to establish her alternative cause of action, including the value of her services. The trial court erred in considering the value of the real property on that question. There is no definite evidence in the record upon which this court may determine the amount of recovery under the rules of equity. The judgment must therefore be reversed and the cause remanded, with directions to grant a new trial on the creditor's claim above mentioned in the manner and form provided by law for actions for the recovery of money (Pancoast v. Eldridge, 157 Okla. 195, 11 P. 2d 918).

It is so ordered.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. HURST, J., dissents. WELCH, C. J., absent.