William PFLEIDER, Plaintiff in Error,

v.

Herbert D. SMITH, Administrator of the Estate of Estella Carden, Deceased, Defendant in Error.

No. 39257.

Supreme Court of Oklahoma.

Feb. 6, 1962.

As Amended March 26, 1962.

Rehearing Denied March 27, 1962.

F. M. Houts, Alva, William G. Paul, Paul R. McDaniel, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for plaintiff in error.

John B. Doolin, Alva, for defendant in error.

HALLEY, Justice.

William Pfleider brought suit in equity against H. D. Smith, administrator of the estate of Estella Carden, deceased, to declare a constructive trust on certain estate property by reason of an alleged joint adventure between himself and the deceased and for an accounting of the property. The parties will be referred to as they appeared in the trial court.

Defendant filed a combined pleading consisting of demurrer, answer and a cross-petition to quiet title to the property being claimed by plaintiff. Subsequently, with permission of the trial court, plaintiff filed

an amended petition which was in almost the same language as the first petition with the addition of a count in the alternative seeking recovery on the theory of quantum meruit. To this amended petition, defendant filed a combined pleading consisting of a motion to dismiss, a motion to strike, a motion to require an election by plaintiff between accounting and quantum meruit, and a general demurrer. After a hearing on the motions and demurrer, the court overruled the motion to dismiss and the motion to strike but sustained the motion to elect, and the demurrer was passed and continued. Within the time allowed by the trial court, the plaintiff filed his forced election to proceed on the suit to declare a constructive trust and for an accounting. The defendant then filed an answer and the suit in equity was tried to the court. At the conclusion of all the evidence the court rendered judgment for defendant and made written findings of fact and conclusions of law. The plaintiff appealed from the judgment and order overruling his motion for new trial.

The plaintiff first contends that the trial court erred in failing to determine that there was a joint adventure relationship created between plaintiff and decedent. In order to consider such a contention it is necessary to examine the evidence in the case. Before examining that evidence, however, we should pass on plaintiff's complaint that the trial court erred in excluding certain testimony. After objection to the testimony was sustained, plaintiff made an offer of proof that if permitted to testify, he would testify that he and deceased entered into an oral agreement to create a joint adventure to conduct farming operations. Objections to the testimony and the offer of proof were sustained by the trial court on the ground that it was incompetent because of the provisions of 12 O.S.1951 § 384. This section, sometimes referred to as the "Dead Man's Statute," provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person; * * *"

■ The trial court was correct in sustaining the objections because in the case at bar plaintiff was a party who was attempting to testify to a transaction with deceased from whom he immediately received his cause of action. Plaintiff cites Clark v. Addison, Okl., 311 P.2d 256, in support of his claim that the trial court committed error and attempts to bring the instant case within the language of the cited case. However, in the Clark case, supra, we stated that the party who testified had not received his cause of action immediately from the decedent and that therefore the statute did not apply. There the joint adventure did not terminate on the death of decedent, while in the present case plaintiff alleged in his petition and brief that the joint adventure, if any existed, was terminated by the death of the deceased. This is true in this case. It is said in 30 Am.Jur., Joint Adventures § 29:

"The death of one coadventurer or of one member of a syndicate does not necessarily terminate the enterprise or require that the rights and liabilities of the parties be fixed and determined with reference to the conditions existing at that time, although it will have that effect if the agreement creating the venture calls for the participation of such member in the conduct of the venture, prescribes no definite term for the duration of the venture, and makes no provision for continuance of the venture after the death of a party. * * *"

Plaintiff's alleged cause of action arose immediately upon the death of the deceased

and plaintiff was incompetent to testify concerning the oral agreement.

■ Concerning the claim that the trial court erred in granting judgment to defendant, plaintiff points to his evidence which he suggests meets the test consisting of three requirements which must always be present in order to form the joint adventure relationship: (1) there must be joint interest in the property by the parties sought to be held as partners; (2) there must be agreements, express or implied, to share in profits and losses of the venture; and (3) there must be actions and conduct showing cooperation in the project. None of these elements alone is sufficient. See White v. A. C. Houston Lumber Co., 179 Okl. 89, 64 P.2d 908, and cases cited therein.

The facts are that deceased owned 160 acres of land prior to 1934. At about that time plaintiff lost some land he owned because of failure to make mortgage payments and he moved to the deceased's farm. There is testimony, if believed, that he took some farm implements and cattle with him. From that time plaintiff and deceased worked together in farming operations. Plaintiff took care of much of deceased's business during her last years, but property and income tax returns made under oath by him for each of them indicate that they kept separate records and separate property which is inconsistent with his claim of joint adventure. Deceased later bought additional property, title to which was taken in her name only. It is upon this latter property together with certain related personal property that plaintiff by this action seeks to establish a constructive trust. There is no evidence of a written agreement between plaintiff and deceased, and no testimony was presented of any conversation by deceased with other persons during her lifetime indicating clearly any agreement with plaintiff.

■ The suit as presented by the pleadings for trial by the court was one of equitable cognizance and the trial court found that there was no joint adventure and the deceased was not holding the property in trust for herself and plaintiff. We have previously established the rules of law applicable to such situations in the case of Johnson v. Rowe, 185 Okl. 60, 89 P.2d 955. Therein, it was said:

"We believe the rule relating to the proof of the existence of a constructive trust stated in Hayden v. Dannenberg, 42 Okl. 776, 143 P. 859, Ann. Cas.1916D, 1191, is the proper rule and the one applicable to this section. It is: 'A constructive trust may be established by parol evidence, but the law for the safety of titles requires that the proof should be of the most satisfactory and trustworthy kind. The onus of establishing a constructive trust rests upon him who seeks its enforcement, and, before a court of equity would be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive.'

"The duty of first determining whether the evidence of one seeking to establish a constructive trust by parol evidence meets the test just stated naturally falls upon the trial judge. The action is one of equitable cognizance, and the trial judge sits without a jury unless he wishes a jury in an advisory capacity. Therefore, on appeal from the judgment in a case of this nature, the judgment of the trial court must be scrutinized by this court but only in the light of the well known rules. One rule may be stated thus: In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence. Melton v. Whitney, 164 Okl. 220, 23 P.2d 660, and numerous cases cited in West Oklahoma Digest, Appeal & Error,

■

"In determining the weight of the evidence, there are involved considera-

tions in respect of which the trial judge is better able to judge than this Court. He has the witnesses before him, he can judge of the credibility of their evidence in every aspect, and being in the very atmosphere of the trial, can exercise a judgment which ought not to be disturbed except upon the clearest showing of an error in judgment."

In a similar case, Preston v. Ross, 205 Okl. 164, 236 P.2d 244, we stated the question to be decided in these words:

"It makes little difference whether the relationship between the parties be determined to be that of joint adventurers or that of employer and employee. In its final analysis, the sole question presented here is: Did plaintiff hold title to the royalty interest in trust for all parties? The trial court found that they did not."

See also Coryell v. Marrs, 180 Okl. 394, 70 P.2d 478; Boles v. Akers, 116 Okl. 266, 244 P. 182.

■ After a careful review of the entire record of the case at bar, we have concluded that the judgment and findings of the trial court as to joint adventure and the existence of a constructive trust are not against the clear weight of the evidence.

■ More serious, however, is plaintiff's complaint that the trial court erred in requiring him to elect between his counts of constructive trust and quantum meruit. In support he cites Dudley v. King, Okl., 285 P.2d 425. In that case we held:

"There are three essential elements of the doctrine of election of remedies, (a) the existence of two or more remedies, (b) inconsistency between the remedies, and (c) choice, with knowledge of the facts, of one of the remedies; and if any one of these elements is absent, the result of preclusion does not follow."

In the Dudley case, supra, plaintiff had previously sued defendant alleging an express contract whereby plaintiff was to receive a share of profits from the sale of houses in the construction of which plaintiff had furnished labor and materials. When he lost, he brought a second action on quantum meruit basis. The Dudley case was an appeal from a judgment sustaining defendant's motion for judgment on the pleadings in the second action. We held there that the doctrine of election of remedies did not apply because the first action was defeated on the sole ground that no such express contract existed and therefore plaintiff had never had a choice between two existing remedies.

It would have been proper in the instant case for plaintiff to have gone to trial on both counts, that is constructive trust and in the alternative quantum meruit. In the case of Reynolds v. Conner, 190 Okl. 323, 123 P.2d 664, the plaintiff sued to enforce specific performance of an oral contract to devise real property in consideration of services to be performed (an equitable theory) or in the alternative to recover the value of such services or quantum meruit (a legal theory). The trial court found against plaintiff on the equitable theory but granted judgment on the quantum meruit theory. We approved the procedure so followed although the case was reversed for other reasons.

■ Since the trial court erroneously required an election in the instant case the matter must be reversed for a new trial. The matter should be retried on quantum meruit in the manner and form provided by law for actions for the recovery of money, because the trial court has, as we stated above, properly found against defendant on the constructive trust. Reynolds v. Conner, supra.

■ Defendant claims the case need not be retried because plaintiff failed to allege presentation of a claim to the administrator as required in 58 O.S.1951 §§ 333 and 341. We will comment on this proposal and on the procedure to be followed at the next trial. The plaintiff should be allowed to amend his petition, if he can, to plead

presentation to and rejection by the administrator of a claim for services rendered the deceased. The matter should be tried as an action at law with the parties entitled to a jury trial. Plaintiff should not be permitted to testify concerning any communications or transactions had by him with the deceased. Each of these procedures is in conformity with our holding in Pancoast v. Eldridge, 157 Okl. 195, 11 P.2d 918, which case and decision on appeal was similar to this one. See also in this connection the earlier appeal arising out of that litigation which is Pancoast v. Eldridge, 134 Okl. 247, 273 P. 255. However, plaintiff may testify that he has not been paid for goods and services furnished to deceased. This is said to be the opposite of a transaction with deceased. Chandler v. Chapman, 189 Okl. 108, 114 P.2d 471; Juckes v. Rogers, 206 Okl. 663, 246 P.2d 335.

■ In connection with our statement that plaintiff be allowed to amend to allege presentation and rejection of a claim, we should point out that this is a mandatory requirement, and the petition is demurrable unless such allegation is made. Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okl. 7, 234 P. 598; Fluke et al. v. Douglas et al., 158 Okl. 300, 13 P.2d 210; 34 C.J.S. Executors & Administrators § 774b (1).

The exceptions to the requirement are very limited. Plaintiff cites Coleman v. Bowles, 72 Okl. 313, 181 P. 304, as being an analogous case wherein the plaintiff was excused from making this necessary allegation. It was an action pending against decedent at his death and the plaintiff revived the action in the name of the administrator, who filed no pleadings except an answer denying liability on grounds other than failure to present claim and a cross-petition asking for affirmative relief against plaintiff. The administrator's answer and cross-petition were filed within the time allowed for presenting claims to the administrator. This Court stated that the purpose of the statute was substantially complied

with under those facts. The case is not in point.

■ The case at bar was commenced as a suit in equity to declare a constructive trust. The statute requiring presentation to and rejection of claims by the administrator of an estate does not apply to this type of claim of an equitable nature. Johnson v. Hazaleus, Okl., 338 P.2d 345. Therefore at the time the first petition was pending defendant was not required to raise an issue on this point in his pleadings. Later, however, when plaintiff filed his amended petition adding the alternative count on quantum meruit, defendant filed his motions and demurrer as stated at the beginning of this opinion. The motion to strike and demurrer raised the issue of failure to present a claim to the administrator. This was the first opportunity defendant had to raise such issue due to the manner and points of time that plaintiff filed his petition and amended petition. Therefore plaintiff has not shown a substantial compliance with the statute requiring presentation of claims to the administrator and the doctrine of relation back cannot be invoked to aid plaintiff. To allow that doctrine to enter into this case would be to allow it to be twisted to a purpose for which it was never intended. Plaintiff will not be allowed to say that, since he filed a suit (in equity only) to which defendant answered without raising the issue of failure to present a claim (which at that time he was not required to do) and plaintiff thereafter amended to add an alternative count at law on quantum meruit, the amended petition will relate back to the filing of the first petition and the answer filed thereto will be considered as waiving a mandatory requirement of the statutes. As we view the matter in regard to the mandatory allegation of presentation of a claim, the amended petition from the time of its filing will be considered as the original petition in a prospective sense only. The defendant may raise any issues and defenses which were available to him at and after that time. Defendant did so in this case. Defendant may not be said to have waived

a mandatory requirement in plaintiff's petition when the first petition filed had no such requirement. The plaintiff was free to pursue any available remedy in the manner he may choose. See Pasley v. De-Weese, 183 Okl. 424, 82 P.2d 1066.

The judgment is therefore affirmed as to the findings and judgment on plaintiff's suit to declare a constructive trust; but it is reversed and the cause remanded with directions to grant a new trial on quantum meruit and to proceed in conformity with the views herein expressed.

Affirmed in part and reversed in part with directions.

BLACKBIRD, V. C. J., and DAVISON, JOHNSON and BERRY, JJ., concur.

WILLIAMS, C. J., and JACKSON and IRWIN, JJ., concur in part; Dissent in part.

WELCH, J., dissents.