## STRAIN v. STATLER et al.

No. 15755—Opinion Filed Oct. 20, 1925.

**1. Vendor and Purchaser — Reasonable Time for Vendor to Perfect Title.**

When time is not of the essence of a contract for the sale and purchase of real estate, and the vendor finds his title defective, he is entitled to a reasonable time and opportunity to obtain a perfect or merchantable title.

**2. Same—Perfecting Title Pending Vendor's Suit for Specific Performance.**

Where the vendor brings suit for specific performance, based upon a contract for the sale and purchase of real estate, within a reasonable time, and exercises due diligence in remedying the defects in his title, he will be allowed to perfect the title pending the suit.

**3. Same—Contract — Time as of Essence not Inferred.**

An intention to make time of essence of a contract for the sale and purchase of real estate cannot be inferred from the mere fixing a day for delivery of the deed.

**4. Specific Performance — Venue of Action to Enforce Sale of Land.**

An action to compel the specific performance of a contract to sell real estate may be brought in the county where the land lies, or where the defendants, or any of them reside and may be summoned.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Allie Statler and Byrne Statler against H. L. Strain. Judgment for plaintiffs, and defendant brings error. Affirmed.

C. T. Huddleston and Logan Stephenson, for plaintiff in error.

George Trice and Denver N. Davison, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Coal county, Okla., by the defendants in error, Allie Statler and Byrne Statler, as plaintiffs, against the plaintiff in error, H. L. Strain, as defendant. The suit was for specific

performance based upon a certain escrow contract entered into by the plaintiffs and the defendant. The plaintiffs allege that they have done and performed all the conditions incumbent upon them under the terms of the agreement of purchase and sale, and "that plaintiffs now offer and tender to the defendant a good and sufficient merchantable title to said real estate," and pray that the defendant be required to perform the terms and conditions of the contract incumbent upon him, by accepting the deed conveying the property involved, making payment of certain sums of money, and executing his note and mortgage in payment, and to secure the payment, of the balance of the purchase price, and to be required to assume the payment of certain incumbrances against said land. The agreement of sale or escrow contract is an agreement by the plaintiffs to sell and convey to the defendant certain real estate situated in Coal county, Okla., for a specific price and was delivered in escrow to the Bank of Commerce of Tupelo, Okla.

The material part of said agreement, in so far as this opinion is concerned, is as follows:

"It is further agreed between the parties hereto that the parties of the first part are to furnish an abstract of title to the lands so conveyed to the party of the second part, and that he is to have a reasonable time for examination and report thereon, and that in case there appear any defects in said title to said lands, the parties of the first part are to have a reasonable time in which to correct or cure any defects that may appear in the title to said lands. The purpose being to furnish to the parties of the second part a good and merchantable title thereto.

"The party of the first part agrees to deliver possession of the premises by the 25th day of September, 1920, subject to this contract, the parties of the first part are to have all rents and crops accruing for the year 1920 and deliver up the entire possession of all of said lands by the first day of January, 1921.

"In event the parties of the first part shall furnish to the party of the second part a good and merchantable title in fee to all of said lands herein before named and described and the party of the second part shall fail and refuse to carry out his part of this contract, then in that event the $2,500 this day paid in escrow thereon shall be forfeited and paid to the parties of the first part as accrued and liquidated damages."

The other portions of the agreement set forth the description of the land, the con-

sideration, and the manner in which same shall be paid, showing that $2,500 was paid cash in advance on the purchase price which was placed in escrow with the agreement, and also provides that the defendant, H. L. Strain, shall execute his notes and mortgage securing same on the lands conveyed, securing the balance of the purchase price.

A motion to dismiss was filed by the defendant on the theory that the district court of Coal county had no jurisdiction, the defendant being a resident of Johnston county, Okla.; this motion was overruled by the court, and thereafter the defendant filed his answer and cross-petition generally, denying all of the allegations of plaintiff's petition, except such as are admitted; admits the execution of the escrow in the bank of Tupelo, as alleged, but denies that the plaintiffs complied with the terms of the escrow agreement, requiring that they furnish abstract of title to the land conveyed, showing a good and merchantable title; and by way of cross-petition alleges that he has been damaged in a certain sum by reason of their failure to comply with the terms of the agreement, and convey said land to this defendant as agreed, and prays judgment for same.

Upon the trial of the case to the court, judgment was rendered in favor of the plaintiffs and against the defendant, requiring the defendant to accept the deed which had theretofore been executed, and to pay the cash payment on the consideration as stipulated in said escrow agreement, and to assume certain indebtedness or incumbrances against said land, and execute his notes and mortgage securing the same, on said land to the plaintiffs to secure the payment of the balance of the purchase price agreed upon.

Motion for new trial was duly filed and overruled, from which order and judgment of the court the appellant prosecutes this appeal, and sets forth various specifications of error, but in his brief relies on three propositions for a reversal of this case:

First, that the court erred in overruling the motion of this plaintiff in error to dismiss this action for lack of jurisdiction of the district court of Coal county to try and determine the issues in this case. This error is based on the fact that the defendant in the trial court at the time of the institution and the trial of this case was a resident of Johnston county. The statute of this state, however, settles this contro-

versy in favor of appellees, The latter sentence of section 200, C. S. 1921, provides:

"An action to compel the specific performance of a contract to sell real estate may be brought in the county where the land lies or where the defendants, or any of them, reside or may be summoned."

The land here in controversy is in Coal county, hence the court acquired jurisdiction.

The next question is, that the judgment of the court is not supported by any evidence, and is against all the evidence introduced in said cause. This raises an issue which we think is decisive of the rights of the parties to this controversy and covers the other proposition urged, to wit, that the court committed error in overruling the motion for a new trial. It will be seen from the portions of the escrow agreement heretofore quoted, that the plaintiff Byrne Statler was to furnish an abstract of title to the lands conveyed to the defendant, Strain; that Strain was to have a reasonable time for the examination and report on said abstract, and that if any defects should appear in said title, Statler was to have a reasonable time in which to correct and cure said defects.

"The purpose being to furnish to the parties of the second part a good and merchantable title thereto."

From an examination of the record, we find that counsel for the defendant, Strain, made numerous requirements, after having examined the abstract presented, necessary in his judgment to the perfection of title, and while there is some controversy as to the fulfillment of several of the requirements, there is only one that is seriously urged by appellant and that we deem necessary to discuss, and that involves a judgment of the district court of Carter county in favor of the First National Bank of Ardmore, against the plaintiff Byrne Statler for a sum exceeding $8,000, which judgment the defendant, Strain, by his counsel, had required be satisfied and settled. The abstract presented shows this judgment to be an outstanding incumbrance against the lands to be conveyed. Some considerable negotiations passed looking to a satisfactory solution of this particular matter, and in October, 1920, a conference was had between the parties and their counsel at Wapanucka, at which time an effort was made to close the transaction, and the plaintiff Statler seems to have had at that time a written agreement, which he

had entered into with the First National Bank of Ardmore, wherein an attempt is made to settle the judgment here in controversy. The agreement was not attached to the abstract, and in fact was not such an instrument as would have been entitled to have become a part of the abstract, and there is no evidence showing that the agreement was presented to, or considered by, the defendant, Strain, at that time, but whether it was considered or not, we think is immaterial, because the agreement shows on its face that the judgment had not been satisfied and that no release of same had been made of record.

The plaintiff pleads that he here tenders or offers to tender to the defendant a good and sufficient merchantable title to said real estate at the time of the filing of his petition and the institution of this suit, on February 10, 1921, and contends that time is not of the essence of the contract, and also contends that the defendant, Strain, abandoned the contract at the meeting in Wapanucka in October, because he expressed dissatisfaction with the title, and withdrew from the conference and made no further demand for possession, and plaintiff contends that such conduct excuses him from making any further tender of performance. It is true that time is not of the essence of this contract. The contract provides that the plaintiff Statler should present to the defendant, Strain, an abstract showing good and merchantable title; that Strain should have a reasonable time in which to examine and report on such abstract, and if any defects were found or requirements made, the plaintiff Statler should have a reasonable time in which to cure same, and the contract further provides that partial possession shall be given on or about the 25th day of September, 1920, and that full possession of the premises shall be given on the 1st day of January, 1921, and while the time here is definite, it is not necessarily of the essence of the contract, under the provisions of our statute, section 969, Rev. Laws 1910, and this court has so held in the case of Dillon v. Ringleman, 55 Okla. 331, 155 Pac. 563, which is a case very similar to the case at bar in many respects. From an examination of the decision, it will be found that delivery was to be made on January 1st, as in this case, at which time the defendant was ready and willing to perform, but the abstract had not been provided, but was secured and delivered to the bank the following day, but was not complete, at

which time the defendant was ready to perform, all requirements and objections made were formerly met, and a tender of the deed, together with the abstract showing good and merchantable title, was made to the defendant on the 7th day of January, at which time he refused to perform, and the court held that time was not of the essence of the contract, and that the tender made on the 7th day of January, was made within a reasonable time, and sufficient.

In the instant case appellees rely on abandonment on the part of the defendant of the contract in October, to excuse appellees from making a tender to perform the conditions incumbent upon them under the terms of the escrow agreement. The record discloses that in fact the judgment in favor of the Bank of Ardmore was not satisfied and released until February 15, 1921, and was not filed of record until March 8, 1921, and that no tender was made by the appellees after the Wapanucka conference in October, until the tender made by their pleadings at the time of the institution of the suit, which was filed on the 11th day of February, 1921. We do not regard the acts and conduct of the defendant as necessarily constituting an abandonment of the contract; however, the fact that he made no further demands for performance possibly permits the law governing transactions of this character to apply with greater force, and would give to the plaintiff more time in which to fully comply with the requirements made concerning the abstract. There seems to have been no controversy at the time of the trial of this case, or at the time that the defendant filed his answer, shortly after the filing of plaintiffs' petition, that the title had not been perfected and all requirements made by defendant complied with.

Under the title "Specific Performance", 36 Cyc. pages 718 and 719, the author states the rule as follows:

"First. When time is not of the essence of the contract, and the vendor finds his title defective, he is entitled to a reasonable time and opportunity to obtain a perfect title. * * *

"Third. In accordance with the general rule, the vendor bringing suit within a reasonable time, and using diligence in remedying the defects in his title, is allowed to perfect the title pending suit.

"Fourth. It is therefore sufficient if the title is ready at the time of trial or hearing, or, by the great weight of authority, if it is ready at the time of the decree."

In the case of Dillon v. Ringleman, supra, the court in discussing a contract practically identical with the one here involved said;

"The decisions of the courts are practically uniform that time is never the essence of the contract unless by its terms, it is expressly so provided.

"'An intention to make time of the essence cannot be inferred from the mere fixing of a day for the delivery of a deed.' (Virtue et al. v. Stanley [Wash.] 151 Pac. 270)."

Section 968, Rev. Laws 1910, supra, provides:

"Time is never considered as of the essence of a contract unless by its terms expressly so provided." See Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222.

Appellant cites the case of Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127, which establishes the rule, and follows other authorities adhering to the same rule, to the effect that purchasers under such contract, such as we are here dealing with, are not required to resort to evidence dehors the record to determine whether or not the title is good, but have a right to rely on the abstract presented and the record as therein contained.

We have no controversy with this rule of law, and had the negotiations and efforts on the part of the plaintiff, looking to the perfection of his title, have ceased at the time of the conference at Wapanucka, and at a time before the judgment in controversy had been satisfied and released of record, this rule of law would apply in this case, but in view of the fact that the plaintiff Statler continued in his efforts to clear the title, and in fact had cleared the title at or about the time of the institution of this suit, this brings the case within a different rule, and in accordance with the general authorities heretofore cited, and the rule as announced in the Dillon Case, we are inclined to the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 718; anno. 30 L. R. A. (N. S.) 25; 25 R. C. L. p. 274; 3 R. C. L. Supp. p. 1415; 4 R. C. L. Supp. p. 1579; 5 R. C. L. Supp. p. 1317. (2) 36 Cyc. p. 719. (3) 36 Cyc. p. 709. (4) 36 Cyc. p. 773.