## AMIS v. GRAHAM et al.

No. 19159. Opinion Filed June 5, 1928.

(Syllabus.)

**Specific Performance—Subsequent Purchasers Proper Parties Defendant in Suit to Enforce Contract with Prior Owner of Land for Mineral Deed.**

All subsequent purchasers of interest in real estate are proper parties against whom

to enforce a contract made with the prior owner of the land.

Error from District Court, Tulsa County; John Ladner, Judge.

Action by J. E. Amis against O. H. Graham et al. From order and judgment of the trial court dismissing plaintiff's cause of action, plaintiff appeals. Reversed and remanded.

Wash E. Hudson and N. E. McNeill, for plaintiff in error.

W. E. Disney, John Wheeler, and Glenn Alcorn, for defendants in error.

PER CURIAM. This action was commenced in the district court of Tulsa county by the plaintiff in error, as plaintiff below, against O. H. Graham, Guy G. Jameson, T. G. Berry, B. G. Patton, T. D. Harris, Edwin I. Reeser, H. A. Pease, Harris Hays Company, a corporation, and the First National Bank of Dustin, Okla., a banking corporation, for specific performance of a contract for an interest in 79 acres of land situated in Seminole county.

The defendant Reeser was a resident of Tulsa county, and plaintiff caused summons to be served upon him in said county. Personal service was obtained upon the other defendants within this state, but outside of Tulsa county. The defendant Reeser appeared specifically and objected to the jurisdiction of the court over the parties defendant and the subject-matter of the action on the grounds that none of the parties necessary to a determination of the plaintiff's cause of action reside in Tulsa county and that the subject-matter of the action was in Seminole county, and alleged that his title deraigns from a prior title to that of the plaintiff. Motions or demurrers of like import were filed by the various defendants, and the plea to the jurisdiction of the court was submitted to the court upon documentary evidence which, including allegations in petition not denied, disclosed the following facts:

The defendant O. H. Graham, on the 12th day of October, 1927, was the owner of the fee title to 79 acres of land situated in Seminole county. Prior to said time the said defendant O. H. Graham had sold to the defendant T. D. Harris a 40/79ths interest in and to the oil, gas, and mineral rights in said lands, and on said date the said defendant T. D. Harris had alienated 30/79ths of the interest thus conveyed and it is conceded by the plaintiff and defendants that this 30/79ths interest is not involved in this action. The defendant T. D. Harris, on the 12th day of October, 1927, was the owner of the remaining 10/79ths interest theretofore conveyed to him by the said defendant O. H. Graham. On October 12, 1927, the defendant O. H. Graham executed a deed to the plaintiff whereby he conveyed to the plaintiff a 20/79ths interest in the oil, gas, and mineral rights in said land, placed the same in escrow and on said date executed a contract with the plaintiff herein providing for the delivery of said deed and said contract was placed of record in Seminole county on the 14th day of November, 1927. Plaintiff performed all the conditions of the contract upon his part necessary to perform and tendered balance of purchase price on December 6, 1927, but delivery of mineral deed was refused.

On November 15, 1927, the defendant Graham conveyed to the defendant Patton a 20/79ths interest in · and to the oil, gas, and mineral rights in said described land; on November 25, 1927, the defendant Graham conveyed to the defendant Jameson an undivided 4/79ths like interest, and on November 26, 1927, the said defendant Graham conveyed to the defendant Berry an undivided 5/79ths interest.

On November 25, 1927, the defendant Patton conveyed to the defendant Harris an undivided 20/79ths interest in said mineral rights. On November 29th, the Harris Hays Company conveyed to the defendant Reeser 3/79ths undivided interest in said mineral rights, which was duly recorded December 1, 1927, and to the defendant Pease a 10/79ths undivided interest therein, which was duly recorded December 2, 1927, and thereafter on December 13, 1927, the defendant Harris conveyed to the Harris Hays Company an undivided 13/79ths interest in said mineral rights, which was recorded December 14, 1927.

Upon the facts thus adduced the court sustained the motion of the defendant Reeser and dismissed the cause as to him, whereupon he considered and sustained the motions of other defendants, but declined to pass upon the demurrers filed and dismissed the cause as to all the defendants at plaintiff's cost.

From the action of the trial court, the plaintiff appeals and prays a reversal of the judgment of the trial court on the grounds that his action was for specific performance of the contract entered into between himself and the defendant Graham, and being an action in specific performance,

the district court of Tulsa county had jurisdiction.

The defendants contend Reeser's 3/79ths interest is a part of the 10/79ths interest remaining in defendant Harris on October 12, 1927, and cannot be affected by plaintiff's action, and Reeser therefore is not a party in interest, and being the only defendant living in and summoned in Tulsa county, no jurisdiction was obtained over the other defendants or the subject-matter.

The plaintiff's contract for delivery of deed was recorded November 14, 1927. The defendant Reeser received conveyance to his interest from the Harris Hays Company on November 29, 1927, and on the same date the Harris Hays Company conveyed a 10/79ths interest to the defendant Pease, making a total of 13/79ths conveyed by the Harris Hays Company at a time it had no interest therein, nor did it have until December 13, 1927, when the defendant Harris conveyed to it a 13/79ths interest. The defendant Reeser and Pease had no interest therein until the conveyance by Harris to the Harris Hays Company, at which time their respective interests would attach, and their combined interest exceeded the interest held by Harris at the time the conveyance was executed by Graham to the plaintiff October 12, 1927, and necessarily must include a part of the interest conveyed on November 15, 1927, by Graham to the defendant Patton, and by Patton to the defendant Harris, November 25, 1927, and thereafter by Harris to the Harris Hays Company on December 13, 1927. The defendant Reeser can no more claim his 3/79ths interest is out of the 10/79ths interest remaining in Harris on October 12, 1927, than Pease can claim the 10/79ths interest conveyed to him is within such remainder in Harris, for the reason the interest of each attached at the time their grantor obtained title and not at the time of the record of their respective conveyances. The defendant Reeser's title has its origin from a conveyance by Graham prior to the commencement of this action on December 12, 1927, and by asserting in his motion his interest from this source takes the conditions in this case out of the rule laid down in the case of King v. Gants, 77 Okla. 105, 186 Pac. 960, wherein it was held unnecessary to make parties defendants who have purchased since the commencement of the action and places it under the holding in the case of Kolachny v. Galbreath, 26 Okla. 772, 110 Pac. 902, wherein it was held a subsequent purchaser of land is a proper party against whom to enforce a contract made by the prior owner of the real estate. We therefore hold that the defendant Reeser was a necessary party to the action for specific performance of this contract, and that under section 200, C. O. S. 1921, the district court of Tulsa county had jurisdiction over the defendants in this action for the purpose of enforcing performance of the contract. The judgment of the trial court is reversed, with directions to set aside the order of dismissal and overrule the motions to dismiss plaintiff's action.

Note.—See under (1) 36 Cyc. p. 763.