MOFFETT et ux. v. CITY REALTY CO.
et al.

No. 32675.   April 1, 1947.

Rehearing Denied May 27, 1947.

Second Petition for Rehearing
Denied Nov. 13, 1947.

*185 P. 2d 947.*

Barns McCain, of Tulsa, for plaintiffs in error.

Kavanaugh Bush, G. Ellis Gable, and Chas. P. Gotwals, Jr., all of Tulsa, for defendants in error.

RILEY, J.   W. O. Moffett and wife appeal from a decree denying them specific performance against City Realty Company under the terms of an alleged oral contract providing for the sale and conveyance of a described lot in an addition to the city of Tulsa.

The evidence established an oral contract in that Mrs. Moffett, on behalf of herself and husband, in January, 1943, orally negotiated and entered into a purchase and sale agreement as to the lot, with Mrs. Gibbs, an agent of defendants, owners of the lot. After plaintiffs' verification of the terms and conditions of the agreement was had from defendants, owners of the lot, a sale price of the lot was agreed upon in the sum of $200. The terms provided for a down payment of $25, and the balance, $175, to be paid at the rate of $10 per month; and it was agreed between the parties that plaintiffs might enjoy the right of immediate possession for the purpose of making improvements upon the lot.

Plaintiffs completed the initial payment in the year 1943, when they went into possession and erected upon the lot a fence, chicken house, shrubbery, planted flowers and a garden. The value of these improvements exceeded the agreed sale price. None of the value by plaintiffs expended was ever returned or tendered to them.

Plaintiffs continued in possession but defaulted in payment of the monthly payments. However, in January, 1946, plaintiffs mailed to defendant a check in the amount of $25, explaining the default as occurring by the illness and hospitalization of one of them and reliance upon the other. Plaintiffs also offered a prompt payment of $50 to be applied on the purchase price. Defendants refused the payment, expressed a desire at that time not to sell the lot but to erect thereon a building. Plaintiffs tendered the balance due. The trial court sustained a demurrer to plaintiffs' evidence, dismissed the action; and plaintiffs appeal:

Whether specific performance of an oral contract should be decreed is dependent upon whether the party seeking it, with knowledge and consent of the promissor, has acted in reliance upon the promise so as to make it impractical to restore the former condition of the parties or permit a promissor, under the terms of the agreement, fraudulently to receive the benefit of movant's act while relying upon the statute of frauds. Johnston v. Baldock, 83 Okla. 285, 201 P. 654; Cannon v. Unruh, 84

Okla. 36, 202 P. 182; Price v. Lloyd, 31 Utah, 86, 86 P. 767.

But payment of the purchase money is not alone sufficient, but part payment, coupled with possession in good faith, or possession under the terms of an oral agreement with knowledge of the vendor, and the making of valuable and lasting improvements upon the land, constitutes such part performance as will ordinarily justify specific performance of an oral contract. Boese v. Childress, 83 Okla. 60, 200 P. 997; Halsell v. Renfrow & Edwards, 14 Okla. 674, 78 P. 118.

It must be from the evidence believed that plaintiffs obtained possession in good faith under the terms of the agreement. The payments made by plaintiffs and the value of their improvements exceeding the sale price may not in equity be taken as a penalty or resolved into a forfeiture, as no penalty or forfeiture was shown to have been provided in the agreement.

Defendants urge failure on the part of plaintiffs to establish the oral contract with definiteness. Plante v. Fullerton, 46 Okla. 11, 148 P. 87. They specify that plaintiffs' negotiations were with Mrs. Gibbs and suggest that the burden rested on plaintiffs to show the alleged agent's authority. Atwood v. Rose, 32 Okla. 355, 122 P. 929; Whisnand v. Wingfield, 186 Okla. 148, 96 P. 2d 318. But plaintiffs' allegations of agency were not denied under oath; therefore, the authority of the agent is to be presumed.

Defendants, then admitting the contract according to plaintiffs' evidence, under the rule applicable when evidence is tested by demurrer, rely upon plaintiffs' failure to make payments under terms of the contract for a period of three years and this delay on the part of plaintiffs in making the payments is urged as a bar to relief in equity. 49 Am. Jur. §76, p. 93; Freeman v. King, 111 Okla. 27, 238 P. 850. From our review of the record, we find no sufficient prejudicial consequences of the delay;

there was no abandonment of the contract by either of the parties, nor was there a relinquishment by plaintiffs of their possession of the lot.

The value of the improvements made relates to the sale price of the lot; the property was not shown to be one of fluctuating value; plaintiffs' failure to make payment was not occasioned by an abandonment of the contract, 65 A.L. R. 53, but by misfortune and misunderstanding as explained. Theirs was not an inexcusable laches nor an irreparable default.

Reversed.

HURST, C.J., and OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.