DILLARD et al. v. CEASER.

No. 34565.   March 4, 1952.

Rehearing Denied April 15, 1952.

*243 P. 2d 356.*

Young, Young & Young, Sapulpa, for plaintiffs in error.

Herber Finch, Jr., and T. L. Blakemore, Sapulpa, for defendant in error.

PER CURIAM. Plaintiffs in error will be referred to herein as Dillard and Hilliard, respectively, or, when referred to jointly, as defendants. Defendant in error will be referred to as Ceaser.

Ceaser and Dillard entered into a written contract on September 5, 1944,

whereunder Dillard agreed to sell, and Ceaser to buy, a portion of two city lots, improved with a dwelling house, in the city of Sapulpa, for the consideration of $800, payable $150 in cash and the balance in monthly installments of $15 each, with interest on the unpaid balance at 6 per cent per annum. Upon full payment, Ceaser was to get a deed from Dillard. The contract also provided that " if default be made in fulfilling this agreement, or any part thereof, by either party hereto, then the other party, her heirs and assigns, shall be at liberty to consider this contract as forfeited and annulled, and the first party may then dispose of said land in the same manner as if this contract had never been made." The contract was never recorded.

The $150 cash payment was paid by Ceaser and thereafter she made other and additional payments on the contract. The number and amount of some of the payments claimed by Ceaser to have been made and the total claimed by Ceaser to have been so paid, were denied by both Dillard and Hilliard in their respective pleadings and this controversy forms one of the serious questions of fact in the case.

On November 12, 1947, Dillard, relying on the quoted provisions of the contract and her contention that installments were delinquent, but without notice to Ceaser, conveyed the land by warranty deed to Hilliard for a consideration of $500. At that time, Ceaser was in possession of the land by her tenants, Mr. and Mrs. Thurman, who were actually residing on the land, but Hilliard made no inquiry of them as to their claim of right to occupy or the source thereof before taking the deed from Dillard and paying the $500. Hilliard brought suit in ejectment against the Thurmans in the superior court of Creek county and obtained a judgment by default against them on February 24, 1948. Ceaser was not a party to that suit. On February 28, 1948, the case at bar was commenced by the filing of Ceaser's petition and

issue of process thereon. Ceaser thereafter filed an amended petition reciting the sale to Hilliard and alleging that at the time the installment payments were current and alleged her willingness to pay the remaining payments. She tendered the balance unpaid on the contract, according to her computations, at the trial.

The issues as made up were upon Ceaser's amended petition seeking specific performance against Dillard and to quiet her title against Hilliard and for damages; and Dillard's answer denying the allegations of Ceaser's amended petition and alleging default in payment by Ceaser and her (Dillard's) right to resell; and Hilliard's answer and cross-petition seeking to quiet his title against Ceaser and for damages; and Ceaser's reply. The claims for damages by Ceaser and Hilliard were never seriously urged and are not involved in this appeal.

The trial court entered judgment for Ceaser and against Dillard for specific performance, ordering Dillard to execute and deliver a deed to the land to Ceaser and ordering Ceaser to pay to Dillard $95, representing the amount unpaid on the contract of purchase, and quieting Ceaser's title against Hilliard. Both defendants appeal from this judgment by joint petition in error and have briefed their contentions in joint briefs.

It is the position of Dillard and Hilliard that this controversy is to be resolved by determination of one proposition, i.e.: That it was error to grant Ceaser specific performance because she both pleaded and proved her own failure to carry out the terms of her contract. They cite authority to the effect that one seeking specific performance of a contract must plead and prove that he has done everything necessary to give him a right to demand a deed without anything further being done on his part. There is no doubt that this is a correct statement of the general rule applicable to pleading and

proof in cases of specific performance. Defendants rely principally upon Craig v. Chisholm, 183 Okla. 398, 82 P. 2d 986, to sustain their contentions that this rule should be here applied and should govern this case. In the Craig case, however, by specific terms in the contract, time was made of the essence thereof. The contract before us now does not so provide and thus time is not of its essence. 15 O. S. 1941 §174. Dillon v. Ringleman, 55 Okla. 331, 155 P. 563; Harrell v. Clarke, 174 Okla. 623, 51 P. 2d 720. Also, the amended petition alleged, and the evidence showed, that installment payments had been made by Ceaser and accepted by Dillard when they were far delinquent and even in varying amounts representing only partial payments under the terms of the contract. Other circumstances exist in the Craig case which clearly distinguish it in point of fact from the case at bar but it is unnecessary to mention them here.

The principal fallacy in defendants' position is, that their construction of what Ceaser pleaded and proved does not quite square with what we think the record shows. Ceaser's amended petition pleads full payment of all amounts due to the time of the sale to Hilliard and, in fact, pleads prepayment of unmatured installments. It also alleges the sale to Hilliard and assigns that fact as the sole reason for her not having paid installments accruing since the date of that deed; it alleges, however, a willingness, otherwise, to complete payment. ·

Since the petition alleged facts showing that Dillard had by a resale of the land repudiated the contract, that delinquent payments had been made and accepted without demur and that payments were current to that date, the failure of the petition to plead full performance is excused. 58 C. J. 1163, §487; Palovik v. Absher, 198 Okla. 671, 181 P. 2d 989; Harrell v. Clarke, supra.

In support of her amended petition, Ceaser offered the testimony of Ida May Thurman and herself. Their testimony was not as satisfactory in some respects as it might have been. However, it did follow the allegation of the petition in all respects and was adequate to support the judgment. Neither Dillard nor Hilliard produced evidence of any kind to directly contradict this testimony, but merely attempted to throw doubt on the accuracy of the testimony of Ceaser and Mrs. Thurman by calling attention to apparent discrepancies between their testimony and certain exhibits produced by them. It is in the explanations of these discrepancies that the greatest weakness in Ceaser's case lies, but since Dillard did not testify there was nothing to dispute, or even throw serious doubt upon, the testimony.

The court found from this evidence, which was all the evidence it had before it on these issues, that the payments due on Ceaser's contract were fully paid to and including the payment due October 5, 1947, and that $95 remained unpaid on the whole contract price. An examination of, and computation from, the various exhibits, in the light of the testimony, shows that this finding is not against the clear weight of the evidence. It was admitted, and found by the trial court, that Dillard had accepted payments from time to time after they were delinquent without objection. By this course of dealing between Ceaser and Dillard, Dillard must be taken to have waived the seven-day default in payment of the November payment and thus Ceaser was not in default when the sale to Hilliard was made on November 12th. Palovik v. Absher, supra. It was not essential that the waiver be specifically pleaded since the facts to show it were pleaded. Palovik v. Absher et al., supra.

The only testimony offered by either of the defendants was that of Hilliard. He attempted to set himself up as an innocent purchaser without notice. He admitted, however, that he had made no inquiry of the Thurmans be-

fore the purchase as to their claim of right of possession or the source thereof. It has been many times held by this court that the open possession of real property by a tenant is sufficient constructive notice of the title and right of the landlord to put a prospective purchaser on inquiry. Bell v. Protheroe, 199 Okla. 562, 188 P. 2d 868. If Hilliard had made inquiry of the Thurmans, he would have discovered the existence of the Ceaser contract. In fact, he did make such inquiry a week after his purchase and did then discover just that. His claim to be an innocent purchaser is clearly untenable.

We have given careful consideration to the pleadings and evidence in this case in the light of defendants' contentions and conclude that the judgment of the trial court is in accord with the weight of the evidence and attempts to afford to the parties what justice and right demands. However, the issues as presented by the pleadings and reflected in the judgment of the trial court are inadequate for a proper final disposition of the case.

The record reflects that record legal title to the land in controversy reposes in Hilliard while the judgment decrees specific performance against Dillard only. Specific performance should have been awarded against both defendants. Amis v. Graham, 131 Okla. 162, 268 P. 216. The judgment entered leaves the status of legal title to the land somewhat ambiguous. The judgment insofar as it denies relief to Hilliard and taxes the costs against the defendants is correct, but to eliminate a possible source of future litigation in this matter, the judgment is modified so as to award Ceaser specific performance against both Dillard and Hilliard conditioned upon payment by Ceaser of the sum of $95 to the defendants as their interests shall, after hearing before the trial court, appear and within such time as the trial court shall allow. This cause is remanded to the trial court with instructions to enter judgment in accordance with this

opinion and, as so modified, the judgment is affirmed.

This Court acknowledges the services of Attorneys Ted Foster, George E. Fisher, and Arnold Fleig, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.