**A. Y. BRITTON and C. A. Adkerson,**
**Plaintiffs in Error,**

**v.**

**Martha Ann ABSHER, Defendant in Error.**

**No. 35985.**

Supreme Court of Oklahoma.

Oct. 11, 1955.

Rehearing Denied Dec. 6, 1955.

Wise & Ivester, Sayre, for plaintiffs in error.

Raymond T. Plumlee, Cordell, Charles M. Wilson, Sayre, for defendant in error.

PER CURIAM.

The parties herein are referred to by their trial court designation.

On August 4, 1948, plaintiff, Martha Ann Absher, and her husband, W. L. Absher, who died June 1, 1951, entered into a contract with defendants. The material portions of said contract are as follows:

"* * * Witnesseth That the said parties of the first part have sold and agreed to convey by a Quit Claim Deed unto the parties of the second part, the following described real estate situated in Beckham County, State of Oklahoma, to-wit: * * *" (here some 473 acres were described)

"for the sum of Three Hundred Dollars, payable as follows, to-wit: $300.00 cash in hand, the receipt whereof is hereby acknowledged.

"The parties of the first part as a part of the consideration and conveyance herein, agreed to remove the cloud on the above described title by payment of a judgment rendered in Case No. 8303 in favor of R. H. Crawford, dated May 22, 1940 as shown by the records in the office of the Court Clerk in the above county by payment of the same.

"First parties further agree that inasmuch as it is understood that the heirs of one John Anthony, deceased, own an undivided One-sixth (⅙) interest in the above described land, that they agree to secure conveyances as far as possible from such heirs and to re-convey the same to the parties of the second part.

"And it is mutually agreed that the parties of the first part agree to pay said judgment on or before six months from the date hereof, and at the end of said six months it is further mutually agreed that all interest not secured by conveyance from the said heirs of John Anthony, deceased, shall be considered outstanding and the parties of the second part agree to convey to the parties of the first part an undivided one sixth (⅙) interest in and to all of the oil, gas and other minerals in and under the above described land by a good and sufficient royalty deed less, however, the outstanding interest of the aforesaid John Anthony heirs and provided the judgment aforesaid has been duly released and paid. * * *"

On August 6, 1948, a deed to defendants was secured from one of the Anthony heirs and on August 11, 1948, a deed was secured from another. None of the other Anthony interest was secured without suit. At the termination of the six-month period the judgment mentioned in the contract had not been satisfied. Some time in March, 1950, the release was secured and placed of record by one of the defendants. In May, 1951, W. L. Absher conveyed any interest he had in said contract or minerals to the plaintiff. In June, 1951, W. L. Absher died. He had been ill since the execution of this contract. On July 17, 1951, defendants sold an oil and gas lease on this land for a consideration of $10 per acre. At the request of plaintiff, the trial court made findings of fact including, among other things:

"* * * that the said W. L. Absher and Martha Absher, or either of them, did not do all that was possible to obtain the interest of the John Anthony heirs, and the defendants herein expended the sum of $330.00 in an effort to obtain the conveyances from the John Anthony heirs.

"* * * that plaintiff or her husband did not pay or cause to be paid the $200.00 Crawford judgment, or any part thereof, and that the defendants paid the sum of $200.00 in order to obtain a release and satisfaction of that judgment.

"* * * that the plaintiff would be entitled to ⅚₆ths of the lease money, which the Court figures to be $657.00. That the sums expended hereinbefore enumerated by the defendants and allowed as an off-set, the figures are $365.00." (½ of $330.00 plus $200.00)

"* * * The Court further finds that in addition to the $292.00 that the plaintiff is entitled to ⅚₆ths interest in and to the mineral interest in and to the real estate described in the petition, and that the costs of this case be paid one-half (½) by the plaintiff and one-half (½) by the defendants. * * *"

Plaintiff alleged in her petition that she and her husband had tendered the amount of the judgment on numerous occasions, "and does hereby tender any and all sums due" defendants by reason of the defendant having paid the judgment.

Defendants, on appeal, assert that the contract sued on was separable and divisible. Assuming this to be so, it does not necessarily follow, as defendants would have us believe, that the plaintiff cannot recover under the executory terms of the contract without proving a strict compliance with the condition therein set forth.

772

"Time is never considered as of the essence of a contract, unless by its terms expressly so provided." 15 O.S.1951 § 174. Though no particular form of words are required to make it so, the intention must clearly appear in the instrument. Furthermore, an intention to make time of the essence of a contract for the sale and purchase of an interest in real estate cannot be inferred from the mere fixing of a day for delivery of the deed. Dillard v. Ceaser, 206 Okl. 304, 243 P.2d 356; Dillon v. Ringleman, 55 Okl. 331, 155 P. 563; Strain v. Statler, 112 Okl. 233, 240 P. 614.

The language of this contract certainly does not disclose any intention that the six-month period was of the essence of the contract. A more reasonable conclusion is that it was a period fixed to enable the plaintiff to enlarge the quantum of the 1/8th interest to be reconveyed thereby paying the Abshers for securing the deeds from the Anthony heirs. Neither did the actions of the parties to the contract reflect that their intention was that the six-month period was a strict limitation on the plaintiff's right to a reconveyance.

Since time was not of the essence of this contract, the controlling question presented is: Was the plaintiff guilty of such delay in asserting her rights under the contract that a court of equity will not be justified in supporting her plea?

The trial court specifically found against the plaintiff in her attempt to prove that defendant Britton purchased the judgment on her behalf. But the court made no specific finding on when plaintiff and her husband offered to pay Britton for the amount he spent in purchasing the judgment. It is inherent in the findings of fact and judgment, however, that the court made a finding that the plaintiffs did offer to pay Britton the amount of the judgment and that this offer did not come at such a late date that plaintiff was barred by her delay. And inasmuch as the defendant did not request the court to make any findings of fact before rendering its judgment, he cannot complain of this omission. Roberts v. C. F. Adams & Son, 199 Okl. 369, 184 P.2d

634. Plaintiff testified that she and her husband had offered to pay the judgment on many occasions. As an example, on cross-examination:

"Q. You didn't pay the judgment in the six month period or you didn't acquire the Anthony interests in that six month period of time? A. Yes.
"Q. All of that effort was put forth by Mr. Britton and others, and the judgment was paid by them after the six month period of time was passed? A. Why did he collect it off of Mr. Viersen through false pretenses when we told him we had the money to pay that? We told him and told him for months before that we had the money to pay it, and he said, 'The next time I come to town I will get it fixed up.' I had that put up to me for months and months, and told him that we had the money to pay for it but he wouldn't do it."

It was also proven that plaintiff's husband was extremely ill during all this time and that he was bedfast at least part of the time. Furthermore, the plaintiff was corroborated in her testimony that defendant Britton acknowledged her interest in this mineral estate up until the death of her husband. Of course, Mr. Britton denies that he made the statements attributed to him. Suffice it to say, a question of fact was presented on conflicting evidence. The trial court found for the plaintiff. This finding is not against the clear weight of the evidence, especially when it is borne in mind that there was no appreciable change in the value of the property or the situation of the defendants until after the death of Mr. Absher, which must have been long after plaintiffs first tendered performance, in the trial court's opinion. Had the execution of the lease occurred prior to a tender of performance, a different situation would be presented. In this case, to hold otherwise would be permitting defendants to profit by their inexcusable delay in performing their duty under the contract after the plaintiff had tendered performance. Such a holding

would defeat what was apparently the real consideration to plaintiff in the execution of this contract, i. e., the salvage of a one-sixth interest in the mineral estate from property about to be lost to satisfy a school-land mortgage. In deciding whether a delay is excusable, no general or uniform rule on the subject can be prescribed; each case must necessarily be decided on its own merits. Where the situation of the parties or property is not changed so that injury will result, and the party seeking performance is reasonably vigilant or can show an excuse for his lack of vigilance, the court will relieve him of the consequences of the delay. Miller v. Cox, 96 Cal. 339, 31 P. 161; Ware v. Hall, 116 Okl. 70, 243 P. 740; Moffett v. City Realty Co., 199 Okl. 389, 185 P.2d 947; Holland v. Ross, 189 Okl. 428, 117 P.2d 798. In a proceedings in equity, this Court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it is made to appear that such findings and judgment are against the clear weight of the evidence. Harrell v. Clarke, 174 Okl. 623, 51 P.2d 720.

■ In her brief the plaintiff claims the trial court erred in certain portions of the judgment requiring an off-set as to money received by defendants for the lease of this land for oil and gas purposes. Plaintiff did not appeal from the judgment of the lower court and cannot, therefore, demand any relief from this Court. Holshouser v. Holshouser, 166 Okl. 45, 26 P.2d 189.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACK-BIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.