Olga Mae **CLEMENTS**, Plaintiff,

v.

**CASTLE MORTGAGE SERVICE COMPANY, a Delaware Corporation, Defendant.**

Court of Chancery of Delaware, New Castle.

Submitted Aug. 25, 1977.

Decided Sept. 15, 1977.

Leonard L. Williams, Wilmington, for plaintiff.

Carl A. Agostini of Roeberg & Agostini, Wilmington, for defendant.

MARVEL, Chancellor:

Plaintiff seeks the entry of an order of this Court permanently enjoining defendant from prosecuting a writ of possession and judgment for rent filed in Justice of the Peace Court No. 13 in New Castle County as well as an action in ejectment filed in the Superior Court in New Castle County. She also seeks specific performance of a conditional sales contract for the sale of a piece of real property known as 2154 Veale Road, Ardencroft, Brandywine Hundred. Defendant has been temporarily restrained from pursuing its remedies.

The conditional sales contract in issue was entered into by plaintiff and the defendant and her late husband on February 21, 1968, the Clements having failed to obtain a conventional mortgage. Under the terms of the contract in issue the Clements agreed to pay a purchase price of $14,500 for the property in issue plus six percent interest payable in monthly payments of $86.94 from March 1968 through February, 1998, the buyers being given the option of paying the purchase price in full at any time. The buyers agreed to keep the property in good repair and free of all taxes, water rent, liens and encumbrances.

The contract further stipulated that in the event of default by the buyers in the performance of any term or condition of the agreement that defendant could, without notice, declare the unpaid portion of the purchase price together with any accrued interest immediately due and payable and further that " * * * thereupon the Seller may either proceed to collect from the Purchasers and retain as liquidated damages all payments theretofore made. * * "

On June 20, 1975, plaintiff's husband died, leaving plaintiff, who is partially disabled, with the responsibility of supporting four minor children. Nonetheless, she continued to make payments towards the acquisition of property until November 1975, and although tendered payments were often late, they were nonetheless accepted. Between March 1, 1968, the date of the initial payment, and November, 1975, the date of the last payment received, plaintiff managed to pay a total of $3,999.24, which represents $1,642.38 paid on principal, or 11.3 percent of the original purchase price. Plaintiff has, however, failed to keep abreast of required tax payments being in arrears in the amount of approximately $715. The total amount owed by plaintiff on the contract as of the date of the filing of this action, including taxes, was approximately $2,444.56.

Defendant, prior to its recent efforts to repossess the property in issue, had given plaintiff repeated notices by letter of her alleged violations of the terms of the contract, and, finally, in a letter dated February 24, 1975, ordered Mrs. Clements to vacate the premises. Thereafter, in February 1977, defendant filed the aforementioned action for possession in Justice of the Peace Court No. 13 and an ejectment action in Superior Court.

Plaintiff, who has been assured of being furnished with the moneys required to pay her contractual obligation in full insofar as the property here in issue is concerned, now seeks to pay the entire balance due on the contract here in issue and asks that this Court grant specific performance of such contract. Defendant, on the other hand, asks that the contract be deemed to have been breached by the plaintiff and seeks to

be granted a free hand in its plans to repossess the property in issue, retaining as liquidated damages the moneys already paid in by plaintiff and by her late husband.

■ Forfeiture as such is highly disfavored by the courts, including those of *Delaware, Old Time Petroleum Co. v. Turcol*, Del.Ch., 156 A. 501 (1931), *Jefferson Chemical Company v. Mobay Chemical Company*, Del.Ch., 267 A.2d 635 (1970), *Rehoboth Bay Marina, Inc. v. Rainbow Cove, Inc.*, Del.Ch., 318 A.2d 632 (1974), and *Kahn v. Janowski* (Md.), 191 Md. 279, 60 A.2d 519 (1948).

Under the facts presented in this case, I am satisfied that plaintiff is entitled to the equitable relief [1] which she seeks. In other words, forfeiture now would be out of all proportion as a remedy for the losses suffered to date by defendant as a result of plaintiff's breaches.

■ When a litigant seeks a forfeiture, he must establish his right to subject his opponent to so complete a loss by clear and convincing proof. See *Johnson v. Feskins*, 146 Or. 657, 31 P.2d 667 (1934). Defendant argues, however, that the contract, which allegedly contains a secretarial error,[2] should be interpreted according to what may be reasonably implied from its actual terms. See 17 Am.Jur.2d 630, Contracts Secs. 242, 243, the intended meaning of the

clause of the contract in question being allegedly obvious. Therefore it is contended that the Court may substitute the word "or" for "and" so as to comply with the intention of the parties. See *Stabler v. Ramsey*, 62 A.2d 464 (1948) in which "or" was read by the court as "and" in accordance with the apparent intention of the parties. However, defendant here has not sought to reform the contract in issue. Nonetheless, were the contract to be read as it was allegedly intended to read, the fact still remains that no provision for forfeiture is contained in the contract. And in point of fact, plaintiff was not informed that a default in payment might lead to her loss of possession of her residence until long after she was in breach of the contract. Defendant argues that the time is of the essence clause together with the right to retain liquidated damages amounts to an unambiguous forfeiture clause. I am of the opinion, however, that defendant in fact waived the time is of the essence clause by its repeated acceptance of late payments. See *Hill v. Taylor* (Supr.Ct.Ala.), 235 So.2d 647 (1970); *McCormick v. Grove*, Supr.Ct. Alaska, 495 P.2d 1268 (1972); *Lang v. Parks*, 19 Ill.2d 223, 166 N.E.2d 10 (1960), and *Finn v. Glick*, 42 N.J.Super. 514, 127 A.2d 204 (1956), cases which hold that a time clause is waived upon repeated acceptance of late payments. In the words of the court in *Rothenberg v. Follman*, 19 Mich. App. 383, 172 N.W.2d 845 (1969):

---

1. The present case involves a conditional sales contract for the purchase of land as opposed to a purchase money mortgage. Although the purposes of such a contract and a mortgage are identical, i. e., both secure payment of unpaid purchase moneys, historically they have received different treatment in that the mortgagor, unlike a purchaser under a contract, under which the relief to be granted was left to the discretion of the court, had the right to an equity of redemption. But see *H & L Land Co. v. Warner*, 258 So.2d 293 (Fla.App.1972). In the cited case, after a default of four years the purchaser was granted specific performance of a land sales contract, the court holding the contract to be the equivalent of a mortgage or deed of trust. Compare *Manfredi v. Manfredi* (N.J.Super.), 12 N.J.Super. 207, 79 A.2d 331 (1951), and *J. W. Pierson v. Freeman* (N.J.Eq.), 113 N.J.Eq. 268, 166 A. 121 (1933).

2. The contract as written provides:
 "c. In the event of any default by the Purchasers in the performance of any of the terms and conditions, hereof, Seller may at its option and without notice, declare the unpaid portion of the purchase price together with accrued interest thereof, if any, immediately due and payable, and thereupon the Seller may either proceed to collect from the Purchasers and retain as liquidated damages all payment theretofore made."
 Defendant urges that but for the secretarial error the contract would read:
 ". . . and thereupon the Seller may either proceed to collect from the Purchasers or retain as liquidated damages all payment theretofore made."

"If 'time essence' is a euphemism for 'and no court of equity shall have any power to relieve against such forfeiture' then, entirely apart from whether the parties can contract to oust the court of its equitable powers (clearly they cannot), the party who desires such an extraordinary stipulation should be required to put it in intelligible language so that laymen and lawyers who read may understand the significance of the stipulation." n. 14.

■ In the above cited case, the plaintiff, who had defaulted on a land sale contract, was granted relief from forfeiture and awarded specific performance of a contract after offering to pay the balance due. The court noted that the vendor could be justly compensated for the delay in payment.[3] Likewise, I am of the opinion that in the case at bar the language employed in the contract was not sufficient to put plaintiff on notice that her actions could lead to forfeiture. Finally, she has promised to pay defendant the full amount due under the contract.

■ I conclude that the mere length of plaintiff's non-payment does not preclude relief from forfeiture, a decree of specific performance, such as is sought here, having been granted in numerous decisions involving defaults on clearly worded forfeiture clauses. See *H & L Land Company v. Warner*, (Fla.App.) 258 So.2d 293 (1972) (default of four years); *Boatright v. Peaks*, (Va.) 190 Va. 768, 57 S.E.2d 895 (1950) (default of twenty months); *Moffett v. City Realty Co.*, 199 Okl. 389, 185 P.2d 947 (1947) (default of three years); *McFadden v. Walker*, 5 Cal.3d 809, 97 Cal.Rptr. 537, 488 P.2d 1353 (1971) (default of two years).

Other factors which I have taken into account are the death of Mr. Clements and defendant's delay of two years in the seeking to effect a forfeiture on plaintiff's part.

See *Boatright v. Peaks*, supra, in which the illness of the purchaser was a key factor in the court's decision denying forfeiture and granting specific performance after a default of twenty months. See also *Moffett v. City Realty Co.*, supra. In *Moran v. Holman*, Alaska, 501 P.2d 769 (1972), in which the Court based a denial of a forfeiture and the grant of specific performance in part on the basis of a delay by the vendor of sixteen months in bringing any action on the default by the purchaser. Here defendant waited two years before seeking a remedy for plaintiff's default.

■ Next, relief against forfeiture should not be based upon the mere quantity of payments made by a defaulting party inasmuch as forfeiture involves not only the loss of money previously paid under a contract, but also any interest due under the contract. See *Moran v. Holman*, supra. Therefore, the fact that plaintiff has paid only 11.3 percent of the purchase price should not be controlling, the important question to be asked is whether the party seeking forfeiture can be fairly compensated. In the words of the Supreme Court of the United States:

"Forfeitures are not favored by the law. They are often the means of great oppression and injustice. And, where adequate compensation can be made, the law in many cases, *and equity in all cases*, discharges the forfeiture, upon such compensation being made (emphasis added)." *Knickerbocker Life Insurance Company v. Norton*, 96 U.S. 234, 242, 24 L.Ed. 689 (1878). See also 2 Pomeroy's Equity Jurisprudence Sec. 433 (5th Ed.1941).

The obvious purpose of the sales contract here entered into by the parties was to enable the Clements to purchase property and to secure payment for the seller which is entitled to receive its price, namely receipt of the unpaid balance due on the contract. Plaintiff is prepared to tender such balance.

---

**3.** It appears that the court's refusal to grant a forfeiture was influenced by noting that it was improbable that the value of the property involved had declined, a significant factor here. Real estate normally appreciates during this inflationary period.

█ Defendant will be preliminarily enjoined from prosecuting a writ of possession and judgment for rent in Justice of the Peace Court No. 13 and from prosecuting the action in ejectment filed in Superior Court against plaintiff Olga Mae Clements, and while no formal motions for summary judgment or for judgment on the pleadings have been filed, there are clearly no material facts in dispute concerning the terms of the contract here in issue. There thus being no need, in my opinion, to supplement the record by testimony or further exhibits in support of plaintiff's application, defendant will be directed to convey to Olga Mae Clements title to the premises known as 2154 Veale Road, Ardencroft, Brandywine Hundred in fee simple upon such plaintiff paying the balance of the conditional sales contract together with taxes and insurance premiums which now due and payable on such premises on or before October 19, 1977.

An appropriate form of order may be presented on notice.